## Branch T. Masterson v. F. W. Heitmann & Co.

Decided March 15, 1905.

**1.—Parties—Silent Partner.**

In an action by partners to recover a firm debt, it is not necessary that a silent partner should be joined as plaintiff, since he is concluded by the judgment.

**2.—Admissions—Pleadings—Evidence.**

Where the plaintiff put the defendant's pleadings in evidence as admissions, it was for the jury to pass upon the issues of which they were evidence in the light of everything stated in the pleadings, in connection with all the other evidence introduced by the parties, and a requested charge instructing that the plaintiff had, by putting the pleadings in evidence, thereby made them his own evidence, and tendered all the facts therein stated as true, was properly refused.

**3.—Promissory Note—Failure of Consideration—Burden of Proof.**

In an action brought in part on a promissory note, the burden of proving a failure of the consideration of the note was on the defendant pleading such failure under oath.

**4.—Sale of Machinery—Seller's Breach of Contract—Damages.**

Upon an issue as to damages resulting to defendant from plaintiff's failure to properly furnish and install a pump, as contracted, the court properly charged .that, if plaintiffs failed to perform their part of the contract in respect to the pump, either as to workmanship or material furnished, defendant was entitled to recover as damages such sums expended by him as were necessary to conform the pump to what it was to be under the contract.

**5.—Same—Item not Ordered, but Accepted.**

Plaintiffs' right to recover for an article furnished by them in connection with the pump, but not included in the contract, could not ,be defeated by the fact that defendant had not ordered the article, where he received and appropriated it, and it was of the value charged.

**6.—Assignment of Error.**

An assignment of error complaining of several separate rulings of the court relating to distinct questions is not entitled to consideration.

**7.—Verdict—Names—Certainty.**

Where, in an action by H. & Co., a verdict was rendered in favor of the "plaintiff H.," this was sufficient to sustain a judgment for the plaintiffs, such verdict being evidently, when construed in the light of the entire record, a verdict for the plaintiffs.

**8.—Costs—Reconvention.**

Although defendant, on his plea in reconvention, recovered an amount which was set off pro tanto against plaintiffs' claim, yet, as plaintiffs recovered for a balance over, they were entitled to judgment for all costs of suit. Rev. Stats., arts. 753, 1439.

**9.—Judgment—Computing Interest—Offsets.**

Where plaintiffs recovered for machinery sold, and defendant was allowed a sum as damages for breach of the contract of sale, interest should have been computed on the amount found for plaintiff up to the time the amount allowed defendant became due, then this latter amount should have been deducted and interest computed for plaintiffs on the balance, and the judgment is reformed on appeal accordingly.

Appeal from the District Court of Harris. Tried below before Hon. Chas. E. Ashe.

*J. C. Hutcheson* and *Masterson & Masterson,* for appellant.—1. Two of these parties can not recover on a claim due to a partnership composed of three partners; all partners must join as plaintiffs in order to recover on a claim due the partnership. Hines v. Dean, 1 White & Wilson, p. 379; Baker v. Abbott, 21 S. W. Rep., 72; Kebbs v. Provine, 14 S. W. Rep., 850; Frank v. Tatum, 25 S. W. Rep., 409; Kingland & Douglas Mfg. Co. v. Mitchell & Scruggs, 36 S. W. Rep., 758; Houghton v. Puryear, 30 S. W. Rep., 583; Glascock v. Price, 47 S. W. Rep., 965; Middlebrook v. Zapp, 10 S. W. Rep., 733; Riverside Lumber Co. v. Lee, 27 S. W. Rep., 161.

2. Plaintiffs having read in evidence defendant's answer and plea in reconvention, they admit and vouch for the truth of the facts stated therein in the same measure as they would for any other written docu-

ment offered in evidence. Cotton v. Jones, 37 Texas, 35; Cook v. Hughes, 37 Texas, 345; Coles v. Perry, 7 Texas, 143.

3. The court charged, and it is the law, that as to the matter involved in the plea in reconvention defendant was plaintiff—and having recovered $850 on his plea in reconvention, if the balance of the judgment stands, plaintiffs should have recovered all costs incurred by them in establishing their claim, and defendant should have recovered on his plea in reconvention all costs incurred in establishing the plea in reconvention. Rev. Stats., arts. 753, 1439; Wheatly v. Griffin, 60 Texas, 209; Hays v. Tilson, 45 S. W. Rep., 479; Morrow v. Terrell, 50 S. W. Rep., 734.

*Ewing & Ring,* for appellees.—1. That one participating in profits as compensation for services, is not a partner, see Buzzard v. First National Bank, 67 Texas, 89; Missouri Pac. Ry. v. Johnson, 7 S. W. Rep., 838; Brown v. Watson, 72 Texas, 210; First Nat. Bank v. Pennington, 75 Texas, 274; Heidenheimer v. Walthew, 2 Texas Civ. App., 504; Railway v. Smissen, 73 S. W. Rep., 42; Cherry v. Owsley, 10 S. W. Rep., 519.

That persons occupying the relationship similar to that of dormant partners are not necessary parties, see 15 Ency. Pl. & Pr., p. 856, and cases cited; Speake v. Prewitt, 6 Texas, 252; Boehm v. Calisch, 3 S. W. Rep., 293; Keesey v. Old (Texas Civ. App.), 21 S. W. Rep., 693.

That parties holding legal title in contract are the only necessary parties plaintiff in respect to same, see Cleveland v. Heidenheimer, 92 Texas, 112; Tinsley v. Dowell, 87 Texas, 28.

2. There is no ambiguity in the verdict, in the light of the whole record, and it is sustained by the pleadings. Tom v. Sayers, 64 Texas, 339; Shannon v. Jones, 76 Texas, 141; Reed v. Phillips, 33 S. W. Rep., 986; Railway v. Jamison, 34 S. W. Rep., 674.

3. The court properly adjudged the costs against the defendant. Rev. Stats., arts. 753, 1425, 1438, 1029; Gulf, C. & S. F. Ry. Co. v. Hume, 30 S. W. Rep., 863.

NEILL, ASSOCIATE JUSTICE.—This is the second appeal in this case from a judgment in favor of appellees. As the opinion on the first appeal, which is reported in 77 S. W. Rep., 983, states the pleadings of the respective parties and the nature of the case, they need not be fully stated here.

It is sufficient to state that appellees sued appellant to recover on three separate demands: (1) For $146, balance claimed to be due under a contract of sale of April 3, 1901, of an irrigating pumping outfit erected on appellant's plantation in Brazoria County, near Sandy Point. (2) $550, balance of purchase price under contract of sale of April 6, 1901, of an irrigation pumping plant, erected on appellant's plantation in Bexar County near Lacoste on the Medina River. (3) $1,205.63, claimed to be due on an open account with interest thereon at 6 percent per annum from the 1st of January, 1902.

The defendant answered admitting the contracts between him and appellees upon which the two first demands arose, and that the amounts claimed thereon were due, subject to his counterclaim against appellees

for a breach of the contract upon which the second claim is predicated. He also admitted that he owed the amount claimed on the open account, except certain items amounting in the aggregate to $342.76. This admission was also made subject to his counterclaim or plea in reconvention. He plead in reconvention $15,000 damages for loss of crop on his Medina plantation, alleged to have been proximately caused by plaintiffs' failure to install the pump as they obligated themselves to do by their contract of April 6, 1901, by reason of which failure the crop growing on the plantation could not be irrigated.

The case was tried before a jury who found a verdict in favor of plaintiffs for the entire amounts of the two demands first stated, with interest, and also in their favor on the third demand for $1,205.63, with interest, with a foreclosure of their lien on the pump on the Medina plantation; and in favor of defendant on his plea of reconvention $800, damage to the crop, and $50 incurred for extra labor in completion of the pump. The total amount, principal and interest, found for plaintiffs being $2.226.02, the entire amount for defendant, $850, which being deducted from the amount found for plaintiffs left $1.376.02 in their favor, for which sum judgment was rendered against the defendant.

*Conclusions of Fact.*—There seems to be no controversy between the parties in regard to the demand of $146, claimed by plaintiffs as the balance of the purchase money due on the Sandy Point irrigation plant. Therefore the verdict for that amount with interest may be regarded as established by defendant's admission, as well as by the evidence. The principal controversy between the parties grows out of the contract of April 6, 1901, in regard to the installment of the pump on the Medina plantation; and the amount of damages sustained by defendant by reason of plaintiffs' failure to comply with their contract. As there is a difference between the parties in regard to the interpretation of this contract and the obligation of the several parties created thereby, it will be necessary to state from the record the facts leading up to its execution, as well as the terms in which the contract was expressed by the parties.

The appellant being the owner of a farm on the Medina near Lacoste in Bexar County, which he desired to prepare for irrigation, procured an engineer to make a topographical survey thereof and prepare plans for an irrigation plant. When the survey was made and plans completed, appellant, with a draft thereof, went to appellees, who were engaged in selling and installing pumps and machinery for irrigation, and requested them to give him an estimate of the cost of installing a pump of sufficient capacity to furnish the water necessary to irrigate the farm in accordance with the plans of the engineer. At the time he explained to appellees that unless the pump could be installed and put in operation by the 1st of May, 1901, he did not desire to purchase the same. Appellees would not enter into a contract to furnish such pump by the 1st of May, until they ascertained from the factory that such a pump could be procured at once. Then they agreed to furnish the same and have it installed and in operation by May 1, 1901. The price agreed upon for the pump and necessary fittings and the cost of installing the same was $1,000. When the agreement was made appellant explained

to the agent of appellees with whom the contract was made, that he intended to use the boiler which he had on the farm to supply the power for running the pump, and represented that he had on the farm the necessary pipes to convey the steam from the boiler to the pump and that he would have the hauling done, furnish the unskilled labor necessary for work of installing the pump and furnish the material for the foundation. The things which appellant thus promised to furnish and do were not included in the estimate of the cost of the pumping plant.

Appellant then lived and now lives in the city of Galveston, and appellees' place of business was and is in the city of Houston, Texas. On the day after the agreement was made, appellees telephoned appellant at Galveston asking permission to substitute for the pump contracted for, one that would cost $100 more. In response to the request, appellant met appellees' agent in Houston, and after conferring with him about the matter agreed to the substitution. Some days after this, appellees' agent requested appellant to sign a written order for the machinery. This order, so far as it bears upon the issues in this case, is as follows: "April 6, 1901, F. W. Heitmann & Co., Houston, Texas. You will please order for the undersigned, ship to Lacoste on or about April 10, 1901, one 8 x 12 x 12 x 10 Worthington compound duplex pump, with 60 feet of suction and discharge pipe and the necessary fittings; you to furnish a man to superintend erection and setting of pump, I to furnish all foundations and common labor and necessary pipe to make steam connection which is to be connected by you. Pump guaranteed to have a capacity of 1,200 gallons per minute against a 73-foot head with a 60 H. P. boiler; pump to be erected by May 1,

Cash with order ........................$550.00
Note due Nov. 1, 1901 ................... 550.00
                    (Signed) Branch T. Masterson."·

The pump was not put up and started to work until June 30, and it was then incomplete from the lack of sufficient discharge pipe.

Each party lays the blame for delay upon the other. As to who was responsible for it largely depends upon the construction of the contract between them of April 6, 1901. The trial court held, and so instructed the jury, that the "contract is ambiguous or uncertain in the following particulars: (1) As to whether the anchor bolts were or were not a part of the property designated in the contract to be furnished by plaintiffs. (2) As to whether plaintiffs were or were not, in performing their obligation to make the steam connections, to supply, not only the work, but the materials necessary therefor, such as elbows, valves, etc. (3) As to whether the expression in the contract, 'you to furnish a man to superintend erection and setting of pump, I to furnish all foundations and common labor,' was mutually intended by the parties to mean that plaintiffs should furnish a man to superintend the foundation in respect to location, character of material, plans and construction thereof, as part of the erection and setting of the pump after all foundations were furnished by defendant, without being located or the material designated by the plaintiff."

In determining these questions the jury was required by the charge to consider all the evidence in respect to them, including the preliminary

negotiations and the practical construction of the language concurred in by the parties in their course of dealing under the contract, if there were such practical construction, and to give the evidence such weight as the jury deemed it entitled to.

The evidence relating to the "practical construction" given by the parties to the contract is recited in the prior opinion of the Court of Civil Appeals and need not be repeated here; but we will say that the submission of the issues in regard to the construction of the contract is in accordance with the opinion of that court delivered on the motion for a rehearing.

It seems from the testimony that "anchor bolts" were necessary to securely hold the pump in its foundation, and that they should have been on hand when constructing it. They were simple appliances and could have been easily secured by either party without causing any material delay in the construction of the foundation and installing the pump. It also appears that defendant never designated or informed plaintiffs of the place on his plantation where he desired the foundation laid and the pump located until after the time had elapsed when the contract was to be performed. Nor did he, until after that time, provide the material necessary for its construction or endeavor to ascertain from plaintiffs what material would be required. But as the jury found for the defendant on his plea of reconvention, and as it is our duty to draw the most favorable inference which the entire evidence will authorize to support the verdict, we must find the issues thus submitted as to the construction of the contract in favor of defendant. It does not, however, follow from this finding that the damages attributable to plaintiffs for such delay were greater than assessed. For the jury was also instructed "that it is the duty of a party to a contract, in case the other party fails to perform his agreement, to exercise ordinary care to avoid damaging consequences of the other's breach, so far as he can accomplish this by moderate expense and reasonable effort."

There was evidence reasonably tending to show that defendant, notwithstanding plaintiffs' failure to comply with their part of the contract, as construed by the jury, could have, by the exercise of ordinary care, by moderate and reasonable effort, avoided the consequences of plaintiffs' breach of the contract so as to reduce the damages flowing therefrom to the amount assessed by the jury; and, in deference to the verdict, we so find.

*Conclusions of Law.*—1. The defendant requested the court to give the following special charge: "The plaintiffs, F. W. Heitmann and T. C. Lorenzen, sued the defendant for the amount stated in their petition and exhibits. If you believe from the evidence that H. A. Paine was jointly interested with F. W. Heitmann and T. C. Lorenzen in the contracts sued on and entitled to share in the profits, if any, and the losses, if any, under said contracts, they were partners in such contracts, and said Paine not being a party to the suit, F. W. Heitmann can not recover on said partnership contract"—and the failure of the court to give it, is complained of as error. The plaintiffs' petition alleged that F. W. Heitmann and T. C. Lorenzen composed the firm of F. W. Heit-

mann & Company. There was no denial by defendant of this allegation, nor any plea in abatement alleging the lack of a necessary or proper party plaintiff. It does not follow as a matter of law that because Paine was jointly interested with Heitmann and Lorenzen in the contract sued on and entitled to share in the profits and loss, that he was a partner, (George on Part. 57.) Nor does the evidence conclusively show that he was to bear any of the loss that might ensue from the contracts in question between plaintiffs and defendant. If, however, he was a partner, he was a silent one, and it was not essential that he should be named as a party plaintiff. Any judgment that might be rendered in the case would be conclusive on him, and defendant could not be prejudiced by his not being mentioned as a member of the firm in plaintiffs' petition. Therefore the charge requested was properly refused.

2. The defendant asked this special charge: "The plaintiffs introduced as their evidence the defendant's answer and plea in reconvention, the plaintiffs thereby making the defendant's pleading their evidence, and tenders all the facts stated in these pleadings as true, and if from the fact stated in these pleadings you find that the defendant has suffered damages on account of the failure of plaintiffs to perform their contract, you will find for the defendant for the amount of such damages." The court refused it and, we think, properly. We know of no principle of evidence which requires a jury to take as true every allegation in a pleading of a party which is introduced in evidence by his adversary, and have been cited to none. The defendant's pleadings contained admissions that plaintiffs were entitled to have in evidence, and it was for the jury to pass upon the issues of which such admissions were evidence in the light of everything stated in the pleadings, in connection with all the other evidence introduced by the parties.

3. Under the fifth and seventeenth assignments of error appellant asserts this proposition: "Where plaintiffs sue to recover the consideration in an executory contract it is necessary, in order to recover, that they shall allege and prove performance on their part of the contract The failure of consideration being specially pleaded, under oath, plaintiffs could not recover the consideration without alleging and proving performance of the service which entitled them to receive the consideration, and they proved nonperformance." This proposition can not be maintained, because the suit as to the $550 was upon a promissory note, executed by defendant for that amount, and the burden was upon him to show a failure of consideration. Upon the issue sought by appellant to be presented in the special charges referred to in these two assignments, the court properly instructed the jury, that if they believed from the evidence that plaintiffs failed to perform their part of the contract in respect to the pump in question, either as to workmanship or material furnished, and that by reason thereof the defendant was caused to expend sums of money that were necessary to conform the property sold to what it was to be under the contract of sale, then to allow defendant, as damages therefor, such a sum as they believed from the evidence it was reasonably worth to conform the property to the contract of sale, not

exceeding such sum as defendant had expended therefor. Such a sum, together with the damages defendant sustained to his crop, would amply compensate him for plaintiffs' failure to perform their contract.

4. Appellant requested the court to charge the jury that: "In regard to the items claimed by plaintiffs for material, pipe and merchandise, alleged to be sold and delivered at Sandy Point, contested in defendant's answer, to wit, the items of $20.28, $20, $19.14, $23.69, $2.70 and $18, shown in the exhibits to plaintiffs' petition, you are instructed that if said items or any of them were embraced within the contract as agreed upon by the parties relative to said irrigation plant in Brazoria County, the plaintiffs are not entitled to recover as to said items; and if said items are not included in that contract, plaintiffs can not recover without proof that said items were ordered by defendant, or by his authority. And as to said items of which plaintiffs have failed to make such proof, you will find for the defendant. As to the item of $22.50 and $2.74, plaintiff admits that the articles for which these charges were made were returned to him, and that defendant should not be charged therefor." Of course, if said items (the six first mentioned in the special charge) or any of them were embraced in the contract agreed upon by the parties relative to the irrigation plant in Brazoria County, the plaintiffs were not entitled to recover as to such items as were embraced in the contract; but it does not follow that they were not entitled to recover as to said items if they were not ordered by defendant or his authority. For notwithstanding they may not have been ordered by him, they may have been furnished by plaintiffs and he may have received and appropriated them to his use and they may have been worth the amount charged in the account therefor. If he did receive them from plaintiffs and they were of the value specified in the account, he would be liable to plaintiffs for their value, though he may not have ordered them. The requested charge would have excluded plaintiffs' right to recover the value of these items, even though the defendant received them and they were worth to him the amount charged in the account. Therefore it would have been error to have given the charge.

It was admitted upon the trial by plaintiffs that their account of $1,205.63 was entitled to a credit of $24.10 in all, for the one 8-inch flap valve and the one 9⅝ casing coupling which were returned on May 23. It is apparent from an examination of the record that the two items last mentioned in the special charge are the ones to which this admission relates. Yet notwithstanding the admission, the jury found in favor of plaintiffs on the account $1,205.63, the entire amount claimed. In view of this admission the court should have peremptorily instructed the jury to allow defendant a credit on the account of $24.10, and we deem it our duty to here allow such credit.

5. What we have said in regard to the charge, respecting the six items first mentioned therein, referred to in the next preceding assignments, is equally applicable to the requested charge, the refusal of which is the basis of the eleventh assignment of error. Therefore the court did not err in refusing to give the fourteenth special charge requested by defendant.

6. The special charge, the refusal of which to give is complained of in the twelfth assignment of error, is manifestly upon the weight of evidence, and the court did not err in refusing it.

7. The sixteenth and eighteenth assignments of error each complain of several separate rulings of the court relating to distinct questions, and neither is therefore entitled to a consideration. Cammack v. Rogers, 96 Texas, 457.

8. The verdict of the jury is as follows:

"F. W. Heitmann & Co. v. Branch T. Masterson.    No. 31,830.

"We, the jury, find that defendant (Masterson) owes the plaintiff (Heitmann) the amount of the note $146, with interest, amounting to $21.40, and the note of $550, with interest, amounting to $134.20; also the amount of the open account, viz.: $1,205.63, with interest, amounting to $168.79, with the right of foreclosure on the pump at Lacoste and 60 feet of suction and discharge pipe and fittings, to secure the payment of the $168.20, and that defendant (Masterson) on his crossbill suffered damages to crops amounting to $800, and $50 incurred for extra labor and completion of said pump, altogether making a credit of $850 on amount owed Heitmann.

"Therefore we find the amount due Heitmann to be $2,226.02, less $850, or $1,376.02.

"L. L. Cohen, Foreman."

The twelfth assignment of error complains that this verdict is not supported by the pleadings or proof and will not support the judgment rendered in the case. The same contention is made under the twenty-first assignment. The assignments are not well taken; for when the verdict is construed in the light of the entire record it is evident it was for plaintiffs. Tom v. Sayers, 64 Texas, 339; Shannon v. Jones, 76 Texas, 141; Reed v. Phillips, 33 S. W. Rep. 986.

9. The twenty-second assignment of error complains of the court's rendering judgment against defendant for all costs incurred. This does not embrace the costs incurred on the prior appeal, for with that the District Court had nothing to do. The court did not err in so rendering the judgment. Rev. Stats., arts. 753, 1425.

The judgment of the District Court will be modified by crediting the account of $1,205.63 with $24.10 admitted on the trial by plaintiffs as a credit thereon, and as so modified will be affirmed.

*Affirmed.*

### ON MOTION TO REFORM JUDGMENT.

The contention of appellant on this motion is, that inasmuch as the jury found in his favor against appellees $800 damages to crop and $50 damages incurred for extra labor in completion of pump, and that this court found that he was entitled to a deduction of $24.10 from the account of $1,205, upon the admission in appellees' pleadings, the sum of said amounts should be deducted from the sum of the several amounts found by the verdict for the appellees, and interest calculated on the remainder instead of, as in the judgment, interest being computed on the amounts found for appellees from the

time they became due to date of judgment without regard to the offsets in appellant's favor.

It is apparent that this contention is just, for appellant ought not to be made pay interest on more than he is due the appellees.

The date, however, of when these damages computed on appellant can not be fixed with more definiteness than at the end of the year 1901, the year his crop was damaged. The account from which the $24.10 was deducted by us was due on the 1st of January, 1902.

Therefore, the judgment will be reformed by computing the interest on such amounts found for appellees as bore interest up to January 1, 1902, and from the sum of such amounts, with such interest added, will be deducted the sum of $874.10, and interest computed on the remainder to the date of judgment of the District Court.

The cases of Chapman v. Bolton, 25 S. W. Rep., 1001, and Henry v. Benert, 5 Texas Court Reporter, 784, 70 S. W. Rep., 359, are authority for so reforming the judgment.

As appellant did not seek to have the judgment reformed in the court below, the costs of this appeal will be taxed against him.

Writ of error refused.