## COOPER v. KNIGHT.

(Court of Civil Appeals of Texas. Dallas. April 13, 1912. Rehearing Denied May 4, 1912.)

1. JUDGMENT (§ 256*)—CONFORMITY TO VERDICT.

In an action against partners, members of the Palace Electric Garage, where the jury returned a verdict against the partners, by name, composing the firm of the Palace Garage, the court properly entered the judgment against the Palace Electric Garage, assuming that the omission of the word "Electric" was merely clerical.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. § 256.*]

2. APPEAL AND ERROR (§ 880*)—REVIEW—RIGHT TO ALLEGE ERROR.

In an action against partners, only one of the defendants being served, that defendant cannot complain that the judgment and verdict ran, not only against himself, but against the firm; the other defendants not appealing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3584–3590; Dec. Dig. § 880.*]

3. APPEAL AND ERROR (§ 880*)—REVIEW—RIGHT TO ALLEGE ERROR.

In an action against the several members of a firm, where only one of them was served with process, he cannot, on an adverse verdict, complain that a verdict was not directed for the other partners; the judgment imposing no greater liability on him than if it had been against him individually—the other part-

ners not being before the court, nor bound by the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3584–3590; Dec. Dig. § 880.*]

4. MASTER AND SERVANT (§ 330*)—LIABILITY OF MASTER FOR ACTS OF SERVANT—EVIDENCE—SUFFICIENCY.

In an action for injuries, caused by the negligent running of an automobile by defendants' servant, evidence *held* sufficient to support a finding that the servant was acting within the scope of his employment.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1270–1272; Dec. Dig. § 330;* Negligence, Cent. Dig. § 240.]

5. MASTER AND SERVANT (§ 302*)—LIABILITY OF MASTER FOR ACTS OF SERVANT—SCOPE OF EMPLOYMENT.

Where a servant of the proprietor of an automobile garage took a machine from the garage to go after automobile chains, which was part of his duty, the master was liable for his negligent driving of the car, even though he had not authorized the servant to take the car from the garage; for the servant was acting in the master's business.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217–1221, 1225, 1229; Dec. Dig. § 302.*]

6. APPEAL AND ERROR (§ 1002*)—REVIEW—VERDICTS.

A verdict on conflicting evidence is conclusive on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

7. ᴅᴀᴍᴀGES (§ 113*)—INJURIES TO PROPERTY —MEASURE OF DAMAGES.

In an action for injuries to an automobile, caused by the negligent driving of another car, the measure of damages is the reasonable cost of repairing the car and the difference, if any, in its market value after the repairs and immediately prior to the accident.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 279, 280; Dec. Dig. § 113.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by A. J. Knight against Howard J. Cooper and others. From a judgment for plaintiff, defendant Cooper appeals. Affirmed.

W. H. Clark and Lafayette Fitzhugh, both of Dallas, for appellant. John C. Harris, A. F. Wiesburg, Spence, Knight, Baker & Harris, all of Dallas, for appellee.

RASBURY, J. A. J. Knight sued Howard J. Cooper individually and the Palace Electric Garage of Dallas, Tex., a partnership, alleged to be composed of Elisa E. Eckert and Howard J. Cooper, of 'Dallas, Tex., and H. M. Olney, of Hartford, Mich., in the county court of Dallas county, at law, for damages to his automobile, resulting from a collision between his automobile and that of the defendants on Ross avenue, in the city of Dallas, Tex., while defendants' car was being driven by one Elmer Sweeney, an employé of the defendants. Knight sued to recover $326.47, the cost of repairing his car after the collision, also to recover $900, alleged to be the difference in the market value of the car after the completion of the repairs and the market value of the same immediately prior to the collision. Cooper only was served with citation. He answered formally, denied the partnership, alleged that Sweeney, the driver in charge of the car, was a hired laborer, and took the car out without his knowledge or consent or authority, and that he was not to blame therefor, and pleaded contributory negligence on the part of Knight. Upon trial the jury returned the following verdict: "We, the jury, find for the plaintiff against the defendant Howard J. Cooper individually, and against the Palace Garage, a copartnership, composed of Elisa E. Eckert, Howard J. Cooper, and Harry M. Olney, in the sum of $560. C. F. Wright, Foreman." Upon this verdict, judgment was entered against Elisa E. Eckert, Howard J. Cooper, and H. M. Olney, a partnership, known as Palace Electric Garage, for $560. From the judgment of the lower court Cooper appeals.

[1, 2] Appellant's assignments 1, 2, and 3 complain that the judgment of the court is not sustained by the verdict of the jury, for the reason that appellant sued Eckert, Cooper, and Olney, composing the firm members of the "Palace Electric Garage," while the jury returned a verdict against Eckert, Cooper, and Olney, composing the firm of the "Palace Garage," omitting from the firm designation the word "Electric." The omission of the word "Electric" from their verdict by the jury constitutes no reversible error, and is immaterial; and in entering its judgment upon the verdict the court below was authorized to refer to the petition —in fact, all the pleadings—to ascertain the intention of the jury, and in aid of the verdict of the jury. Shannon v. Jones, 76 Tex. 145, 13 S. W. 477. Not only could the court determine from the record below that it was the intention of the jury to find that Cooper, Eckert, and Olney composed the members of "Palace Electric Garage," but he had the right to assume, which he probably did, that the omission of the word "Electric" was merely clerical. Tom v. Sayers, 64 Tex. 343. See, also, Masterson v. Heitmann, 38 Tex. Civ. App. 476, 87 S. W. 227; Reed v. Phillips, 33 S. W. 986. Further, we do not see the force of appellant's complaint, since judgment was against him individually; and he is cast in any event, including any interest he may have in the Palace Electric Garage. The Palace Electric Garage did not appeal, and does not complain of the verdict and judgment.

[3] The fourth and fifth assignments complain of the refusal of the court to instruct a verdict for Eckert and Olney, on the ground that there was no evidence to sustain a finding that they were partners with appellant, Cooper. The answer to this complaint is that these defendants were not before the court below, and not bound by the judgment

therein rendered; and as to appellant the finding is harmless, since it imposes no greater liability on him than does the verdict of the jury, which held him individually liable.

[4, 5] The sixth and seventh assignments complain of the refusal of the court to direct a verdict for defendants, on the ground that the uncontroverted facts fail to establish liability against defendants; and under said assignments appellant asserts the proposition that Elmer Sweeney, the driver of the automobile that collided with appellee's automobile, was not in the service of his master, or in the discharge of the duties of his employment, when the collision occurred. The only witness in behalf of appellant was Sweeney, and on this subject he testified: "I worked with the Palace Garage. My duties with the Palace Garage were to go after and deliver cars. * * * The automobile in which I was riding I just took out of the shop. * * * I took it on my own hook. I intended going in the automobile out to the Munger addition, for the purpose of taking some chains off of another automobile that was out there, *which was a part of my employment,* * * * which chains I was going to take down to the shop and boil them; that was part of my work." He also testified that he generally went about this sort of work on street cars; and that he had no authority to take out the car. From this testimony, it seems clear, at least, that Sweeney was in the discharge of his duties. Further, while we disavow any intention to criticise appellant for not testifying in the case, at the same time he was peculiarly cognizant of Sweeney's duties under his employment, and, in the absence of any statement from him, together with the testimony of Sweeney that he was in the service of Cooper when the collision occurred, we conclude that the testimony was sufficient to sustain the finding of the jury on this feature of the case; and that, having so found, the case comes within the well-known and well-settled rule of law that holds the master responsible for the tortious acts of his servant, done while in the master's service or in the discharge of his employment. On this question the Supreme Court says: "To hold the master liable for the act of his servant, it is not necessary that the servant should have authority to do the particular act. The act of the servant may be contrary to his express orders, and yet the master may be liable. But the act must be done within the scope of the general authority of the servant. It must be done in furtherance of the *master's business* and for the accomplishment of the object for which the servant is employed. For the *mode* in which the servant performs the duty he is engaged to perform, if wrongful and to the injury of another, the master is liable, although he may have expressly forbidden the particular act." Railway Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902. "Whether a servant really is bent on his master's affairs or not is generally a question of fact." Railway Co. v. Mayfield, 79 S. W. 367.

[6] The second and third propositions under the sixth and seventh assignments of error, which raise the concurrent negligence of appellant, cannot be sustained. By their verdict, the jury found that the appellee in no manner contributed to the acts which brought about the collision; and the most that can be said in favor of these propositions is that the evidence on the point of who was at fault is conflicting.

[7] Nor do we find any merit in the criticism of the court's charge, as shown by the eighth assignment of error. We are of opinion that the court correctly charged the jury that the measure of damages was the reasonable cost of repairing the appellee's car and the difference, if any, in the market value of the car after the completion of the repairs and the market value of the car immediately prior to the accident. Railway Co. v. Levi & Bro., 59 Tex. 679; Hughes v. City of Austin, 12 Tex. Civ. App. 178, 33 S. W. 607.

Finding no reversible error in the record, the judgment of the lower court is affirmed.