Joseph J. MEEHAN and Dorothy Meehan, Appellants,

v.

John M. PICKETT, Appellee.

No. 7204.

Court of Civil Appeals of Texas, Beaumont.

Feb. 4, 1971.

Rehearing Denied Feb. 25, 1971.

John L. Scott, Amarillo, for appellants.

Robert Sanders, Amarillo, for appellee.

PARKER, Chief Justice.

The appellee, as plaintiff, recovered judgment against the defendants for rental due under a lease of restaurant premises. The five-year lease involved expired under its terms on April 30, 1970, but defendants vacated the premises in April, 1968, paying no rental thereafter, and the landlord recovered judgment for the remainder of the term at the stipulated rental. One of the defenses tendered was that the failure of the landlord to make certain repairs to the building rendered the premises unfit for use as a restaurant and that they were justified in abandoning the premises.

■ The jury found that the landlord did fail "to be responsible" for the needed repairs after being notified of the need therefor; but, in the next issue [No. 3(d)] did not find that the failure to make the needed repairs rendered the premises unfit for the purpose of conducting a restaurant business. In their first point, the defendants contend that the answer to No. 3(d) is against the great weight and preponderance of the evidence.

■ Another defense urged by the tenants was that the landlord, during the negotiations leading up to the execution of the lease, had made representations that he had an agreement with a third party whereby the tenants could use a parking lot near the restaurant premises for customer parking. In response to Special Issue No. 1(a), the jury found that such representation was made; but, in answer to No. 1(b) did not find that such representation was false at the time it was made. Defendants now contend in their third point that the answer to No. 1(b) is against the great weight and preponderance of the evidence.

It would serve no useful purpose to enter into an extended discussion of the evidence offered by the parties upon the issues under consideration. It is sufficient to say that from our review of the record as a whole, we find no merit to either point. It was peculiarly within the province of the jury to judge the credibility of the witnesses, to resolve conflicts and inconsistencies in the testimony of any one witness as well as the testimony of different witnesses. The points are overruled. Ford v. Panhandle & Santa Fe Ry. Co., 151 Tex. 538, 252 S.W.2d 561, 563 (1952).

■ By points two and four, the defendants complain of the refusal to submit certain issues to the jury for determination. The only reference to any requested issues which we find in the transcript are to Assignments Nos. VII and VIII, the first of which we quote:

"The Court committed error in overruling Defendants' objection to special issue number two (2) contained in the charge of the Court, wherein special issues numbered eight (8) through fourteen (14), which were embodied in Defendants' request to submit particular special issues to the Court, and being as follows:

"[The issues are quoted seriatim.]

"a) that these Defendants were entitled to an affirmative defense to the matters raised by special issue number two (2) and there was sufficient evidence to submit same to the jury."

Assignment VIII related to another "requested issue."

Defendants did not comply with Rules 273 or 276 and there is nothing in our record to show that such issues were ever presented to or considered by the court. The complaints now made are not entitled to consideration. Melton v. State, 395 S.W.2d 426, 431 (Tex.Civ.App.—Tyler, 1965, error ref. n. r. e.); Neuhoff Brothers Packers, Inc. v. McCauley, 399 S.W.2d 929, 930 (Tex.Civ.App.—Waco, 1966, er-

ror ref. n. r. e.) ; American Pozzolan Corp. v. Desert Trucking Co., 450 S.W.2d 433, 435 (Tex.Civ.App.—San Antonio, 1970, no writ). Points two and four are overruled.

■ In their fifth point, defendants complain that the trial court abused its discretion in denying the motion for new trial upon the ground that there was newly discovered evidence consisting of certain pictures which, it was asserted, would have shown the dilapidated condition of the premises. The motion was supported by affidavit, but no testimony was introduced upon the hearing of the motion for new trial. Such motions are not looked upon with favor. Bledsoe v. Burleson, 289 S.W. 143, 144 (Tex.Civ.App.—Austin, 1926) error dism., 294 S.W. 516 (Tex. Com.App., 1927) ; Kountze v. Tucker, 103 S.W.2d 828, 829 (Tex.Civ.App.—El Paso, 1937, error dism.).

In Jacobi v. Texas State Board of Medical Examiners, 308 S.W.2d 261, 265 (Tex. Civ.App.—Waco, 1957, error ref. n. r. e.), the court reviews the authorities in detail and distills the following requisites of such a motion.

"We think the law is well established that in order to require the granting of a new trial on the ground of newly discovered evidence, the following indispensable elements must be present, viz.: (1) admissible, competent evidence must be introduced on the hearing of the motion for new trial showing the existence of the newly discovered evidence relied upon, (2) the party seeking a new trial must show that he had no notice of the existence of such evidence prior to the time of trial, (3) that due diligence had been used to procure the evidence prior to trial, (4) that the evidence is not merely cumulative to that already given and does not tend only to impeach the testimony of the adversary, and (5) the evidence would probably produce a different result if a new trial were granted."

Justice Steakley had occasion to consider some of the authorities on the subject in New Amsterdam Casualty Company v. Jordan, 359 S.W.2d 864 (Tex.Sup., 1962), pointing out specifically that the granting of a new trial was not warranted when such newly discovered evidence was merely cumulative. In our case, the trial court did not file any findings of fact or conclusions of law as to the newly discovered evidence; but, it is clear from a study of the record that the tendered evidence was cumulative only. Further, the showing of abuse of discretion in such instances is only one of the burdens a complaining party assumes when he presents such evidence. See the authorities collated in 4 McDonald, Texas Civil Practice, § 18.16, pp. 1461, et seq. We find no evidence of an abuse of discretion in this instance and the point is overruled.

■ By their sixth point, defendants contend that it was error for the trial court to exclude from the jury's consideration certain photographs of the premises which they tendered through their witness Wagner. These photographs were taken during the course of the trial (on "yesterday" as the witness stated upon the stand) which began on March 10, 1970. Defendants had vacated the premises in April, 1968. The objection of the plaintiff, which was sustained by the trial court, was that "there has been no proper predicate laid" for the introduction of the photographs. Defendants assert in their brief that the photographs "were offered for the purpose of showing that the condition of the building [at the time the photographs were made] was the same as that time when same was vacated by Defendants." That may have been the *purpose,* but there is no testimony in the record, nor any tendered on the bill of exceptions, which would warrant the belief that the conditions were in *fact* the same.

The point does not reflect error. McCormick & Ray, Texas Law of Evidence (2nd Ed.), § 1465, p. 319, and cases therein cited. In any event, we do not find

**484**

that there was an abuse of discretion in refusing to admit the photographs. Consolidated Furniture Company v. Kelly, 369 S.W.2d 53, 59 (Tex.Civ.App.—Houston, 1963, no writ).

■ Point seven complains of the overruling of several exceptions to plaintiff's pleadings; but, since defendants have briefed only one of the exceptions, we will confine our discussion to the one which defendants present to us. Before instituting suit, counsel for plaintiff notified the defendants in accordance with the lease that they were in default in the payment of the rent due thereunder. The letter referred to paragraph 6 of the lease which provided that, in the event of default, lessor "may enforce the performance of this lease in any modes provided by law; and this lease may be forfeited at Lessor's discretion * * * [etc.]." The letter did not declare a forfeiture of the lease, nor were any such allegations contained in the plaintiff's trial pleading; rather, plaintiff affirmed the lease by seeking to recover his rents due for the remainder of the term.

The exception which is now brought forward contends that the legal effect of the letter was to declare a forfeiture of the lease and confine plaintiff to a recovery of rents due up to, but not after, the date of the forfeiture. Plaintiff relies solely upon Rohrt v. Kelley Manufacturing Co., 162 Tex. 534, 349 S.W.2d 95 (1961). We are in complete agreement with the holding in Rohrt but do not find that it is applicable to our fact situation. Defendants' argument in this cause assumes their major premise, that the landlord declared a forfeiture. It is clear from our record that no forfeiture was ever declared and the landlord has always stood upon his rental contract. In a case of remarkable similarity, White v. Watkins, 385 S.W.2d 267, 269 (Tex.Civ.App.—Waco, no writ), the doctrine of Rohrt was found to be inapplicable. Point seven is overruled.

We have carefully examined the remaining points contained in defendants' brief and find that none reflect reversible error, Rule 434, and each of such points is overruled.

The judgment of the trial court is in all things affirmed.