EUROPEAN IMPORT COMPANY, INC.
et al., Appellants,

v.

LONE STAR COMPANY, INC., Appellee.

No. 17439.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Feb. 28, 1980.

Rehearing Denied March 27, 1980.

Patterson, Boyd, Lowery & Aderholt; Paxton Lowery, Houston, for appellants.

Bresenhan & Wingate; Albert H. Wingate, Houston, for appellee.

Before COLEMAN, C. J., and EVANS, J.

DOYLE, Justice.

This appeal results from a suit on a sworn account. Lone Star Company, Inc., appellee, brought suit to recover the price of certain liquor and alcoholic beverage merchandise sold to appellant, European Import Company. Appellee also sued appellant, Rose Marie Bagnoli, individually, to recover on her personal guaranty for the company indebtedness.

In answer to the suit, appellant European filed a sworn denial and counter-claimed for damages and statutory penalties for violation of the Texas Liquor Control Act. Appellant Bagnoli denied execution of the guaranty agreement and in the alternative alleged fraud and duress were used in securing execution of the instrument. Trial was to a jury who answered six special issues. Judgment was awarded in favor of appellee against both appellants and European's counter-claim was denied.

We modify and affirm.

Testimony elicited during the trial showed European Import Company was a package liquor retailer operating several stores in Houston in 1974. Lone Star Company is a liquor wholesaler and entered into numerous transactions with European during 1974 to supply European with alcoholic beverage. During the trial, appellee introduced into evidence unpaid invoices covering these transactions. Mr. Raymond Hairell, testifying on behalf of appellee, explained the invoices and the accounting procedures for Lone Star. These invoices totaled $98,621.99 which was the amount set forth in appellee's pleadings and found by the jury to be due.

Evidence showed that Rose Marie Bagnoli was the president and major stockholder of European during 1974. In February or March of 1974, Mrs. Bagnoli was having financial problems with European. She hired one Dr. William L. Blachman in an effort to revive the failing company. Although there was testimony that after several weeks disagreement arose between Mrs. Bagnoli and Dr. Blachman concerning the operation of European's business, it appears that some progress was made toward getting the business "back on its feet." This prosperity was shortlived, however, and amid arguments of who had the authority to place orders for European with appellee and the signing of a guaranty agreement, the company was finally closed by

the Internal Revenue Service because of unpaid taxes in November, 1974.

At the conclusion of the testimony six special issues were submitted to the jury which found (1) that European Import Company never ordered the disputed merchandise; (2) that Lone Star delivered the merchandise to European; (3) that European accepted the goods; (4) that the amount due for these goods was $98,621.99; (5) that Rose Marie Bagnoli did execute the guaranty agreement; and (6) that appellee should be awarded attorney's fees. Based upon these answers the court rendered judgment for appellee and both appellants filed motions for a new trial which were overruled by operation of law.

Appellants bring seven points of error. By points of error one, three, four and five, appellants complain of the trial court's finding that a sale was consummated between Lone Star and European.

■■ Appellants first complain that appellee failed to prove the elements of a sale. In a suit on a sworn account when a defendant files a sworn denial of the account, a plaintiff must prove his claim by competent evidence without the use of the sworn account. *Burrus Mills, Inc. v. Hein*, 399 S.W.2d 950 (Tex.Civ.App.-Houston 1966, writ ref'd n. r. e.). Two essential elements of proof in a suit on a sworn account are sale and delivery of the merchandise. *Blue Bell, Inc. v. Isbell*, 545 S.W.2d 563 (Tex.Civ. App.-El Paso 1976, no writ); *Boucher v. City Paint & Supply, Inc.*, 398 S.W.2d 352 (Tex.Civ.App.-Tyler 1966, no writ).

Appellants contend that delivery does not necessarily prove a sale. *Atlas Torpedo Co. v. United States Torpedo Co.*, 15 S.W.2d 150 (Tex.Civ.App.-Amarillo 1929, no writ). It is their contention that a sale is a contract and as such must comply with certain provisions of the Texas Business & Commerce Code contained in chapter two on Sales. Pursuant to § 2.204 thereof, a contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties; and under § 2.206, an offer to make a contract shall be construed as inviting acceptance in any manner and by any medium reasonable in the circumstances.

The jury in answer to special issue number one found that European Import Company did not order the merchandise made the basis of this suit. If the goods were not ordered, then the conduct of the parties must be examined to see if there was an acceptance of appellee's shipment of the goods so as to constitute a contract by the parties' conduct.

Appellants cite two cases for their argument that if the goods have not been ordered there is no sale. *Johnson v. Gattegno*, 267 S.W. 740 (Tex.Civ.App.-El Paso 1924, no writ); *Farley v. Clark Equipment Company*, 484 S.W.2d 142 (Tex.Civ.App.- Amarillo 1972, writ ref. n. r. e.). In neither of these cases are the facts parallel to the facts in our case. However, both cases set forth the general rule pertaining to liability for the retention of unordered goods. In the *Johnson* case the court stated that:

"... it must be shown that, after learning of the unauthorized delivery, he in some manner evidenced an intention to appropriate them or ratify the delivery. This may be shown by the retention of the goods after he learned of their receipt and in various other ways."

In the *Farley* case the court found that Farley delivered some trailers to Clark Equipment Company under the belief a check from Farley implied an acceptance of the offer to build such trailers. The court held that since the check had been sent to the equipment company by error, no meeting of the minds occurred forming a contract and hence Clark was not bound to accept the trailers.

In every case examined by this court addressing the issue of liability for unordered goods, the courts have held the defendants liable for such goods if they were received and appropriated to their use and were of the value specified in the account. *Masterson v. F. W. Heitmann & Co.*, 38 Tex.Civ.App. 476, 87 S.W. 227 (San Antonio 1905, writ ref'd); *Johnson v. Gattegno*, supra.

■ Appellants complain there was no evidence or insufficient evidence to support the jury's finding to special issue number three that appellant accepted the merchandise which is the basis of this suit.

Evidence in the instant case showed that numerous deliveries were made to European, and many invoices for these deliveries bear a stamp from European showing their acceptance. Although Mrs. Bagnoli denies knowing of the goods, Dr. Blachman was associated with the company as an employee and apparently he had authority to negotiate with wholesalers and sign checks. He consulted with Mrs. Bagnoli regarding the business and together they secured bank loans and jointly signed a guaranty agreement. Testimony shows that he increased the gross revenue of the business in the short time he was there and that he brought two other men into the business. There is no evidence that Mrs. Bagnoli limited his authority or terminated his services. She also tendered a check to appellee to pay for the merchandise. We think there was evidence showing a sale, delivery and acceptance. We overrule points of error one, three, four and five.

In their second point of error appellants state the trial court erred in overruling appellant European Import Company's motion for new trial as the alleged sale made the basis of plaintiff's suit was in violation of the Texas Liquor Control Act and therefore against public policy, invalid and unenforceable.

■ It is clear that appellant did dictate issues regarding this theory of liquor control violation to the court reporter who transcribed them and made them a part of the record. However, there is no ruling by the court on these tendered issues. The issues were not properly preserved, although dictated to the court reporter. There is no showing that the transcribed issues were ever presented to the judge for his consideration, ruling and signature. *Meehan v. Pickett*, 463 S.W.2d 481 (Tex.Civ. App.-Beaumont 1971, writ ref'd n. r. e.); Rules 273 and 276, T.R.C.P. While it is true that appellants repeated these issues in the

motion for a new trial, their failure to secure a ruling thereon resulted in a waiver of these issues. Rule 324, T.R.C.P.; *Lewis v. Texas Employers' Insurance Ass'n.*, 151 Tex. 95, 246 S.W.2d 599 (1952). Appellants' second point of error is overruled.

■ By their sixth point of error, appellants complain that the trial court erred in refusing to submit a special issue inquiring whether the execution of the guaranty agreement was obtained by fraud or duress.

This special issue is multifarious and would cause the court to speculate concerning what the jury intended from an affirmative finding and as such would be improper. *Parker v. Keyser*, 540 S.W.2d 827 (Tex. Civ.App.-Corpus Christi 1976, no writ). While all the cases cited by appellant deal only with duress, appellant's issue inquired of duress and fraud. If the jury answered the question in the affirmative the court could not determine whether it was executed under fraud or under duress since the words have entirely different legal meanings.

Where appellant coupled duress and fraud thereby creating a multifarious issue, it was not error for the trial court to refuse to submit this issue. Rule 279, T.R.C.P. Further, this issue was waived by not being properly preserved as discussed above.

In the final point of error appellant European Import Company complains that appellee did not comply with the requirement of presentment so as to entitle him to a recovery of attorney's fees pursuant to article 2226, V.A.C.S.

Pursuant to such article, attorney's fees may be recovered if presentment of a claim has been made at least thirty days prior to obtaining a judgment against the person or company.

The Texas Supreme Court has held that this statute is penal in nature and must be strictly construed. *Van Zandt v. Fort Worth Press*, 359 S.W.2d 893 (Tex.1962). The statute requires as a prerequisite to liability for attorney's fees a formal demand or presentment for payment. At the expiration of thirty days after such present-

ment, if the claim has not then been paid, and if plaintiff is represented by an attorney, he may also recover in addition to his claim and costs "a reasonable amount as attorney's fees." *Gateley v. Humphrey*, 151 Tex. 588, 254 S.W.2d 98 (1952).

█ Filing of suit is not a demand within the terms of the statute. *Huff v. Fidelity Union Life Insurance Company*, 158 Tex. 433, 312 S.W.2d 493 (1958). The burden of proof is on appellee to plead and prove presentment and failure to pay for thirty days. *W. G. Tufts & Son v. Herider Farms, Inc.*, 485 S.W.2d 300 (Tex.Civ.App.-Tyler 1972, writ ref'd n. r. e.).

█ In the case at bar, while the invoices and statements do recite reasonable attorney's fees may be collected, there is no evidence that appellee made a demand upon appellant as specifically stated in this statute. There is no statement for the total amount of $98,621.99, nor is there any evidence of a demand letter to appellant. In view of the Supreme Court's interpretation that there must be strict compliance with the statute, the seventh point of error should be sustained, but only as to the award of attorney's fee against appellant European Import Company. Appellant Bagnoli presented no point of error complaining of the award of attorney's fees.

█ Appellee, Lone Star Company, Inc., has filed a motion to strike the affidavits of two jurors from the transcript filed herein. Since these affidavits are not offered as a part of any motion or to demonstrate jury misconduct, a basis for a new trial, or for any other declared purpose, we hold such affidavits to be completely irrelevant.

Accordingly, the affidavits of Glenna Marie Haller and R. R. Brim previously filed herein are ordered stricken and removed from the transcript of this cause.

The judgment of attorney's fees as to European Import Company is reversed, and the judgment is modified so as to reflect no attorney's fees against this appellant.

In all other respects, the trial court's judgment is affirmed.