# LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY CO. *v.* BOLAND.

PLEADING.—*Negligence.*—In an action to recover for an injury caused by negligence or carelessness, whether it be an injury to the person or an

injury to property, the complaint must show by direct averment, or it must appear from the facts therein alleged, that the plaintiff, or party injured, was himself guilty of no negligence which contributed to the injury.

From the Lawrence Circuit Court.

*H. Crawford*, for appellant.

*G. W. Friedley*, *H. C. Duncan*, *W. H. Edwards* and *G. Putnam*, for appellee.

Worden, J.—Complaint by the appellee against the appellant in three paragraphs.

Demurrer to each paragraph for want of sufficient facts; sustained as to third, but overruled as to first and second.

The first paragraph was as follows:

"William Boland complains of the Louisville, New Albany & Chicago Railway Company, and says that on or about the 22d day of April, 1873, as well as before and since that time, said railway company was the owner of and operated a railway passing into and through the county of Lawrence, and State of Indiana, and into and through the town of Mitchell, situate in said county; that said railway, at the time, passed near and opposite lots numbered three hundred (300), three hundred and forty-five (345) and three hundred and forty-six (346), in said town; that this plaintiff was then and still is the owner in fee of lots three hundred and three hundred and forty-five, aforesaid, together with all the appurtenances thereto belonging; that on lot numbered three hundred and forty-six was situated a hotel, belonging to one Mahala Richardson, known as the 'Putnam House;' that said lot three hundred and forty-six is situate between and adjoining said lots owned by plaintiff, as aforesaid; that at the time of the injury hereinafter complained of, there was situate and being on said lot numbered three hundred a two story frame house, then, and for a long [time] before that time, used by plaintiff for a dwelling-house; that on said lot number three hundred and forty-five, there was then a two story frame building, a portion of which was used for a saloon and billiard hall by

plaintiff, and the residue was used and kept to rent to such persons and families as chose to occupy it; that on the 22d day of April, 1873, said railway company, in a careless and negligent manner, ran her engine and train of cars back and forth on said railway, near to and opposite the said lots of plaintiff and the said hotel; and plaintiff avers that at the time said cars and engine were being so run, at the place aforesaid, the smoke-stack of said engine, and the sieve and netting at the top and over the same were in bad repair; that said sieve and netting were burned and worn out and full of holes, and wholly inadequate to prevent the escape of fire and sparks of fire from the smoke-stack of said engine which facts were then and there well known to the defend-ant; and plaintiff avers that by reason of the defective char-acter of said smoke-stack, and by reason of said sieve and netting being out of repair as aforesaid, large quantities of coals and sparks of fire escaped from said smoke-stack of said engine, and from and through said sieve and netting at the top and over said smoke-stack, and were carried and thrown upon and into the said hotel, by which said hotel was set on fire, and from which the fire was communicated to the said building on lot numbered three hundred and forty-five, and the same was entirely consumed, together with a stable of the value of three hundred dollars, a wood-house of the value of one hundred dollars, a smoke-house of the value of three hundred dollars, and one ice-house of the value of three hundred dollars, and one kitchen of the value of one hundred and fifty dollars, all being then and there situate upon said lot numbered three hundred and forty-five, and the property of the plaintiff; and the plaintiff further avers that by reason of the setting fire to and the burning of said hotel by the defendant, in the manner aforesaid, the said dwelling-house of the plaintiff, situate upon said lot num-bered three hundred, was scorched and blackened and char-red and damaged to the amount of five hundred [dollars]; and also on said lot numbered three hundred was situate one stable of the value of three hundred dollars, one wood-house

of the value of one hundred and fifty dollars, one smoke-house of the value of three hundred dollars, one ice-house of the value of two hundred and fifty dollars, one kitchen of the value of four hundred dollars, all of which were entirely consumed by the reason of the setting fire to and the burning of said hotel, by the manner aforesaid, all the property of the plaintiff. And the plaintiff avers that if the defendant, at the time and place aforesaid, had used ordinary care and diligence in running and managing their said locomotive engine and cars, and had provided the smoke-stack of their said engine with such sieve and netting as is ordinarily and commonly used by railway companies, and had not carelessly allowed the same to become worn out, full of holes and worthless, sparks and coals of fire could [not] have escaped therefrom, and would not have been thrown from said engine upon and into said hotel, and the same would not have been set on fire, nor would fire have been communicated to plaintiff's house as aforesaid."

The second paragraph was based mainly upon the burning up of goods in the houses, by the fire, as alleged in the first paragraph, and the damages claimed by reason of the matters alleged in this paragraph were one thousand dollars.

On issue joined, there was a trial by jury, resulting in a verdict and judgment for the plaintiff for two thousand one hundred dollars.

Error is assigned upon the rulings of the court in overruling the demurrers to the first and second paragraphs of the complaint. It is objected that the first paragraph is bad, for the reason, amongst other things, that it does not show that the plaintiff himself was guilty of no negligence contributing to the injury.

It is established in this State, by a long line of decisions, that in an action to recover for an injury caused by the negligence or carelessness of another, the complaint must show that the plaintiff, or party injured, was himself guilty of no negligence which contributed to the injury.

VOL. LIII.—26

This may be shown by direct averment, or it may appear from the facts which are stated.

The rule, as one of pleading, had its origin, in this State, it is believed, in the case of *The President, etc., of Mount Vernon* v. *Dusouchett*, 2 Ind. 586, and has been followed in numerous instances since. It is suggested, however, by counsel for the appellee, that the rule has not been, and should not be, applied to cases of injury to property, which is incapable of either diligence or negligence; that it should be applied only in cases where the injury is personal.

The case above cited was one of injury to property, and not to the person.

We do not perceive any distinction in principle, in this respect, between injuries to the person and to property.

Where one's own negligence contributes to an injury to his property, inflicted by the carelessness of another, he can no more recover damages than if the injury were to his person. In such cases of concurrent negligence the law affords no remedy.

We are of opinion, therefore, that the rule of pleading above stated, as established in this State, is as applicable to cases like the one in judgment, as to cases of injury to the person.

There is no averment in the first paragraph that the plaintiff was without fault, or that the injury occurred without any contributory negligence on his part. Nor do we think the facts alleged exclude the conclusion that the plaintiff may have been guilty of such negligence. All the facts alleged may be true, and yet the plaintiff may have been guilty of negligence contributing to the injury.

We are of opinion, therefore, that the court erred in overruling the demurrer to the first paragraph.

The second, it seems to us, contained a sufficient averment in this respect.

It does not affirmatively appear that the appellant was not injured by the overruling of the demurrer to the first paragraph.

The evidence is not in the record, nor does it in any manner appear but that the verdict and judgment were rendered in part upon that paragraph. Indeed, the judgment is for more than double the amount claimed as damages on the facts set up in the second paragraph.

Where a substantial error has been committed against a party, it is available to him on appeal, unless the record affirmatively shows that he was not injured thereby.

As the judgment below will have to be reversed for the reason before stated, we express no opinion upon the question whether the appellant would have been liable on the facts stated in the first paragraph, if it had been alleged that the plaintiff was free from negligence. There is some diversity in the authorities upon that point, and we prefer to pass it until the question shall be presented in the manner that requires its decision.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to sustain the demurrer to the first paragraph of the complaint.