PAUL FEILLE ET UX. v. SAN ANTONIO TRACTION COMPANY.

Decided January 15, 1908.

**1.—Personal Injuries—Charge—Omitting Issues.**

In a suit for damages caused by the collision of a street car with plaintiff's buggy, a requested charge which ignored the issues of proximate cause, contributory negligence and the fact of injury, all of which were raised by the pleading and the evidence, was properly refused.

**2.—Charge—Discovered Peril.**

Upon an issue of discovered peril, a charge which imposed upon the defendant the absolute duty to use all the means in his power, consistent with his safety, etc., to prevent the injury, is erroneous. In such case the duty imposed is to use ordinary care to use all the means in his power, etc.

**3.—Personal Injuries—Community Property—Contributory Negligence.**

In a suit for damages for personal injuries to his wife, the contributory negligence of the husband will prevent a recovery. Damages for personal injuries to the wife are community property for which the husband alone should sue.

Appeal from the 45th District Court, Bexar County. Tried below before Hon. J. L. Camp.

*Salliway & McAskill,* for appellants.

*Ogden, Brooks & Napier,* for appellee.

NEILL, ASSOCIATE JUSTICE.—Paul Feille, with whom his wife joined as a party plaintiff, sued the San Antonio Traction Company to recover $20,000 damages for alleged personal injuries .sustained by his wife, Hanna, by reason of the negligence of the company's servants in operating one of its electric street cars in the city of San Antonio, whereby the car collided with a buggy in which he and his wife were riding, thereby causing the latter's injury.

The grounds of negligence alleged are:

1. That defendant's motorman operating the car, after seeing plaintiff turn his horse and approach the car track for the purpose of crossing in time to have stopped or checked its speed so as to have prevented the collision, failed to do anything to stop or check the speed of the car before striking plaintiff's buggy.

2. That the car was propelled at a terrific speed and not under the motorman's control, as required by a certain ordinance of the city set out in plaintiff's petition.

3. That the motorman operating the car, though he could have seen plaintiff crossing the street before striking his carriage, failed to ring the bell or give any signal to warn him of the approaching car.

The defendant pleaded a general denial and contributory negligence.

The case was tried before a jury and the trial resulted in a judgment in favor of the defendant.

*Conclusions of Fact.*—While the evidence shows that at the time and place alleged by plaintiff, there was a slight collision of one of defendant's electric cars with a buggy in which plaintiff and his wife were riding, it fails to show either that it was proximately caused by any of the alleged acts of negligence, or that plaintiff's wife sustained any injury in consequence. But, on the other hand, the evidence reasonably tends to show that plaintiff's negligence was the proximate's cause of his buggy coming in contact with defendant's car.

*Conclusions of Law.*—1. Special charge No. 1, requested by plaintiff, would, if given, have required a verdict for plaintiff if the jury found from the evidence that the accident occurred at the intersection of Swiss and Commerce Streets, and that the car at that point was not under such complete control of the motorman as that it could be immediately stopped. This would have been to eliminate entirely the questions of proximate cause, contributory negligence and of injury to plaintiff's wife. It is too well settled to require citation of authorities that, though a defendant may be guilty of an act which is negligence in itself, unless such negligence is the proximate cause of injury, it affords no ground for recovery. It is equally well settled that, though a defendant be guilty of an act of negligence which is a proximate cause of an injury, yet if the plaintiff is himself guilty of an act of negligence which proximately contributes to his injury, he can not recover. In no event can a plaintiff recover for an alleged injury which he never sustained, however negligent the defendant may have been in doing an act which would ordinarily be expected to directly produce such an injury.

2. The second assignment of error complains of the court's refusal of plaintiff's request to give special charge No. 2, which, in effect, was to instruct the jury that if the operator of the car did not sound the bell or gong at least seventy-five feet before reaching the intersection of Swiss and Commerce Streets, if the accident happened there, and did not continue to ring or sound it until the intersection was crossed, then, that such failure to sound the gong was negligence *per se,* and to find for the plaintiff. It will be observed that the requested charge is pregnant with the same vices that are contained in the one that was the subject of the first assignment of error. Therefore, it was properly refused.

3. The third special charge requested by plaintiff, the refusal of which is the basis of the third assignment of error, is as follows:

"If you believe from the evidence that defendant's motorman in charge of the car which struck plaintiff's buggy discovered the peril, if any, of plaintiff, in time to have prevented the accident, and you further believe that such motorman did not use all means in

his power to prevent the accident, consistent with safety to himself and passengers, then in such event you are instructed to find for the plaintiff, regardless of whether plaintiffs were guilty of contributory negligence."

It would seem from the authorities that if the motorman discovered plaintiffs' peril, his duty to use all the means in his power to prevent the accident, consistent with his safety, etc., was not absolute; but only to exercise ordinary care to use all the means in his power, etc., to that end. Beaty v. El Paso St. Ry. Co., 91 S. W. Rep., 365; San Antonio & A. P. Ry. Co. v. McMillan, 100 Texas, 562; Ft. Worth & R. G. Ry. v. Bowen, 95 Texas, 365; San Antonio Traction Co. v. Kelleher, 48 Texas Civ. App., 421. But, however this may be, the charge is subject to the vice that if the matters submitted should be found as facts, it requires a verdict for plaintiff, regardless of whether his wife sustained any injury or not by reason thereof. One may regard himself damaged by reason of not having been injured by the negligent act of another, but the law views it somewhat .in the light of a *damnum absque injuria.*

4. The fourth assignment of error complains of the refusal of the following requested charge:

"If you believe from the evidence that plaintiff, Paul Feille, was guilty of negligence which contributed to his injuries, but you further believe that plaintiff, Hanna Feille, was not guilty of contributory negligence, then in that event you are instructed to find for the plaintiff."

Damages occasioned by personal injuries to the wife are regarded in this State as community gains (Ezell v. Dodson, 60 Texas, 331; Texas Cent. Ry. Co. v. Burnett, 61 Texas, 638), for the recovery of which her husband may sue, and the wife is ordinarily neither a proper nor necessary party. It would be an anomaly to permit a plaintiff to recover damages for an injury to his wife to which his own negligence contributed. The law will not coin an injury to a wife, which her husband's negligence has helped to cause, into money and put it in his pocket. Besides, the requested charge is subject to the vice that it assumes that Mrs. Feille was injured in the accident.

5. The fifth special charge requested by plaintiff is more vicious, if possible, than any of the others discussed. There is no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.