AUSTIN ST. RY. CO. v. HEFLIN et al.

(Court of Civil Appeals of Texas. Austin. May 21, 1913. Rehearing Denied June 25, 1913.)

STREET RAILROADS (§ 118*)—USE OF STREETS—COLLISIONS WITH VEHICLES—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.

Where, in an action for injuries to an automobile, struck by a street car, there was evidence that the operator of the automobile was guilty of contributory negligence, the street railway company, relying on the defense of contributory negligence, was entitled to a specific charge that contributory negligence was a complete defense, though the motorman was guilty of negligence.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 258–269; Dec. Dig. § 118.*]

Appeal from Travis County Court; R. E. White, Judge.

Action by Robert Heflin and another against the Austin Street Railway Company. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Cochran & White and Irelan Graves, all of Austin, for appellant. McGregor & Gaines, of Austin, for appellees.

KEY, C. J. Robert Heflin and Dan Craddock were the owners of and operating for hire an automobile, which was kept in a garage on West Sixth street in the city of Austin. The Austin Street Railway Company was operating a street car line along Sixth street in front of the garage. On a certain day in January, 1912, at about 8 o'clock in the morning, Frank Anglin, who was employed by Heflin and Craddock to run the automobile, brought the same out of the garage, with the intention of crossing the street car track and then turning west on Sixth street; and, while he was attempting to make the crossing referred to, a street car, going east, ran into and injured the automobile, and Heflin and Craddock brought this suit against the street railway company to recover damages. There was a jury trial, and from a verdict and judgment in favor of the plaintiffs, the defendant prosecutes this appeal.

Counsel for appellant vigorously assail the verdict for two reasons—one being that the testimony was insufficient to warrant a finding that the motorman in charge of the street car was guilty of negligence, and the other being that the uncontradicted testimony showed that Anglin, the driver of the automobile, was guilty of contributory negligence. The latter testified that he failed to see the approaching street car on account of an intervening automobile standing in the street to the left of the entrance to the garage, and said that when he passed beyond the automobile referred to, and got in a position where he could see the approaching street car, the front wheels of his automobile were practically on the street car track, and therefore he put on speed and veered to the right, but, notwithstanding his efforts to escape, the street car struck the rear part of the automobile and injured the same. It was shown by other testimony, and by Anglin also, that the approach to the door of the garage was so constructed as that he could easily have turned to the right and gone far enough to have obtained a full view of the street car track, both east and west, before undertaking to cross it; and therefore, if the motorman in charge of the street car was guilty of negligence, it is difficult to perceive why Anglin, the driver of the automobile, was not guilty of contributory negligence, inasmuch as he knew that street cars passed in front of the garage every few minutes. However, we doubt if it should be held, as matter of law, that Anglin was guilty of contributory negligence; and, as other grounds for reversal are shown, we do not care to say anything more concerning the verdict.

Several assignments are addressed to the court's charge, but we find no affirmative error in it, except that pointed out in the seventh assignment, which complains of the seventh paragraph of the charge, because it instructed the jury, if they found the substance of the facts alleged in the plaintiffs' petition, to return a verdict for the plaintiffs; the objection being that all the facts referred to might exist, and yet, if the plaintiffs' agent and servant, Anglin, was guilty of contributory negligence, they would not be entitled to recover. The charge referred to was given as a separate and distinct paragraph, while in the tenth and eleventh paragraphs the jury were instructed, if they found that Anglin was guilty of negligence in certain respects, to find for the defendant on the issue of negligence. The complaint urged against the charge is that the seventh paragraph was in conflict with the tenth and eleventh, and therefore the jury was left without any proper guide. That objection

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

seems to be supported by Baker v. Ashe, 80 Tex. 356, 16 S. W. 36, Gonzales v. Adoue, 94 Tex. 120, 58 S. W. 951, Railway v. Waldie, 101 S. W. 517, and American Mortgage Co. v. Brown Bros., 101 S. W. 857.

Nowhere in the court's charge was the jury distinctly told that contributory negligence on the part of the driver of the automobile would be a complete defense to the plaintiff's suit, although it might be shown that the motorman in charge of the street car was guilty of negligence; and appellant requested two instructions which would have cured that omission and made that point clear to the jury. It is true, as above stated, that in two paragraphs the court instructed the jury, if they found that the driver of the automobile did, or omitted to do, certain things, and that they were negligent and contributed to the injury, to find for the defendant on the issue of contributory negligence; but appellant had the right to have the jury distinctly informed that contributory negligence would be a complete defense, notwithstanding the fact that appellant's motorman may have been guilty of negligence. Some of the jurors in this case may have served as jurors in other cases, in which they were told by the court that contributory negligence would not constitute an absolute defense, but could only be considered in diminution of the amount to be awarded to the plaintiff, which is the law in a certain class of cases. In view of that condition of the law in this state in reference to contributory negligence, and in view of the fact that the testimony of Anglin himself, as well as that given by other witnesses, tended strongly to show that he was guilty of contributory negligence, we hold that it was reversible error for the court to refuse the instructions referred to, distinctly informing the jury that contributory negligence would be an absolute defense, notwithstanding the negligence on the part of the motorman in charge of the street car.

Other questions presented are not likely to arise again, and need not be decided. Our conclusion is that the judgment should be reversed, and the cause remanded; and it is so ordered.

Reversed and remanded.