## ALEXANDER v. MISSOURI, K. & T. R. CO. OF TEXAS. (No. 388.)*

(Court of Civil Appeals of Texas. Waco. July 1, 1926. Rehearing Denied Oct. 7, 1926.)

1. Railroads ⬥222(5)—Finding of contributory negligence of property owner in not having fire equipment in proper condition held sustained by evidence on issue of railroad's negligence in delaying fire department.

In action to recover for his personal property lost in fire by general manager of oil refinery against railroad company for negligence in delaying fire department on railroad crossing, evidence sustained finding that plaintiff was guilty of contributory negligence in not having fire equipment of refinery in proper condition.

2. Negligence ⬥82.

If negligence of person injured contributes to injury, he cannot recover therefor.

3. Negligence ⬥65.

Contributory negligence will defeat recovery though defendant's negligence consists of violation of statute or ordinance, and though such violation is negligence per se.

4. Negligence ⬥65.

To defeat recovery it is not necessary that plaintiff's contributory negligence be active, but it may be negative, such as lack of vigilance.

5. Negligence ⬥82.

"Mutual contributory negligence" exists when injury would not have happened but for negligence of both parties.

6. Appeal and error ⬥1001(1).

Findings of fact by jury, when supported by evidence, are binding on appellate court.

Appeal from District Court, Ellis County; W. L. Harding, Judge.

Suit by C. M. Alexander against the Missouri, Kansas & Texas Railroad Company of Texas. From a judgment for defendant, plaintiff appeals. Affirmed.

Lawrence Treadwell, of Corsicana, and Homer Hendricks, of Waxahachie, for appellant.

C. C. Huff, of Dallas, and Groce & Groce, of Waxahachie, for appellee.

STANFORD, J. Suit by appellant to recover damages for the loss by fire of books, memoranda, and technical and professional records belonging to him, and used by him in connection with his profession as a chemical engineer. Appellant alleged that he was employed as manager and chemical engineer for Texas Oil Products Company, which maintained a refinery near, but outside, the city limits of Waxahachie. The negligence alleged was that the employees of appellee in charge of one of its freight trains negligently obstructed a street in Waxahachie with said freight train for more than five minutes, and for a time that prevented the fire department of the city from reaching and extinguishing the fire in question, as it was claimed they would have done but for such obstruction.

Appellee, among other things, pleaded contributory negligence by appellant, in that he was general manager of an oil refining corporation and of the plant of which the burned building was a part, and which plant had its own fire fighting equipment for protection against fires, and that while owing his employer and himself the duty of seeing that such equipment was kept in condition for use, appellant negligently permitted such equipment and material parts thereof to get and remain in a condition which prevented its use in extinguishing the fire which burned the building in question, resulting in the loss of such building to his employer, and the destruction of his property therein, which destruction was caused or contributed to by his own negligence.

In response to special issues the jury found:

(1) If the freight train of the defendant had not blocked the passage of said firemen at the time and place mentioned, they would have saved the property of the plaintiff in said building from loss by fire.

(2) That the blocking of the crossing on Main street by the freight train of defendant at the time and in the manner it did, under all the circumstances, was negligence on the part of those in charge of said train toward those who might desire to use said street.

(3) That the negligence in blocking said crossing was the proximate cause of the loss of the property of the plaintiff by fire.

(4) That the plaintiff was guilty of contributory negligence in failing to see that the fire extinguishing equipment of the said refining company was kept in proper condition for prompt use in the extinguishment of fires.

(5) That such contributory negligence did

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction November 10, 1926.

cause or contributed to cause the loss of the property of plaintiff in said fire.

On said special findings the court entered judgment for the defendant, appellee herein.

## Opinion.

Under several assignments, appellant contends the evidence was insufficient to show any negligence or contributory negligence whatever on his part, and, if so, same did not contribute to his loss. The record discloses that on November 1, 1923, the Texas Oil Products Company, a corporation, owned, and for some years prior to that date had owned, an oil refinery near, but not within, the corporate limits of the city of Waxahachie. Appellant, a chemical engineer, supervised the erection of the refining plant, and when it began operations became its general manager and had supervision of the entire business there conducted, and of the employees at the plant, which relation continued up to the date of the fire which caused the damages made the basis of this suit, and there were no men then connected with the company at the plant in any capacity who were not subject to his direction and control. In the construction of the plant, apparatus and equipment for protection from fire were provided, consisting of a reservoir at the lower end of the property, about 1,150 feet from the office building that was burned, of approximately 1,000,000 gallons of water capacity, with pumping equipment for pumping water from the reservoir into mains extending over the property, and connected with hydrants. There was also provided standard 2½-inch fire hose for attachment to the hydrants—500 feet, in 50-foot sections —with standard couplings, two hose carts, and two nozzles. There was not enough of the hose to reach from the large reservoir to the building that was burned—only 500 feet. There was at the refinery, in addition to the large reservoir, a large overhead metallic water tank of 30,000 gallons capacity, which was usually kept filled with water for fire protection, situated about 250 feet from the office building that burned, and which contained the property the value of which was sued for. This tank was filled by pumping from the large reservoir. The 30,000-gallon tank was connected to the water mains and could be used for fighting fire. All that was necessary to the use of this tank when it contained water was to open up the valves, and the water would flow to the hydrants, and to the hose if attached, and from the nozzles onto the fire. There was also at the refinery chemical equipment for use in fighting fires, consisting of fire extinguishers of different capacities. There were about 22½-gallon extinguishers in various buildings about the plant, and three 40-gallon extinguishers, or chemical engines, located in the boiler house, approximately 250 feet from the office building which was burned. The large chemical tanks, or engines, were mounted on two-wheel carts, and hose necessary for their use wrapped around them. The office building in question, except its walls, with its contents, were destroyed by fire on the night of November 1, 1923. After the fire was discovered there seems to have been no attempt to use the water in the large reservoir, nor any of the chemical apparatus. The employees of the refinery laid a line of fire hose from one of the refinery hydrants and tried to get water from the overhead 30,000-gallon tank, but found it empty. The refinery's large chemical engines or tanks were supposed to be empty. They had shortly before been sent to a large oil fire at Corsicana. They in fact had not been used at that fire and were charged, but the watchmen of the refinery had not been so advised. The Main street crossing that was obstructed by appellee's freight train was nearly a mile from the city fire station. The refinery plant was outside the corporate limits of the city and about a mile and a half from the fire station. There is no evidence there were any city fire hydrants anywhere near the refinery plant. If the city fire department had reached the scene of the fire without any delay caused by appellee, we think it exceedingly doubtful if they could have saved the property of appellant, in that the record discloses there was considerable delay after the fire was discovered before the city fire department was notified, and then they had to go a mile and a half to reach the fire. And, further, a fireman and the fire chief testified, in substance, that as well as they remembered the city fire hose was larger than the hydrants at the refinery plant, and the city hose could not have been used at the refinery, and as the refinery plant had only 500 feet of hose, and the only tank or reservoir that had any water in it was 1,150 feet away from the burning building, it seems they would have had no water if they had reached the fire. Appellant, who supervised the construction of the refinery plant, doubtless realizing said plant was located outside the city limits and outside the limits of fire protection by the city fire department, had a complete system for fire protection installed at said refinery plant and at its expense. It is true, the plant was not being operated at the time of the fire, but appellant was still in charge of said plant as general manager, with full authority to employ, discharge, and control all other employees. He had under him a stenographer, an auditor, and two watchmen. We think clearly it was the duty of these employees, and especially of appellant, as general manager, and these two watchmen, to protect said plant against fire, as well as against injury or depredation from any other source, and said general manager must have known that to protect said plant against fire it was necessary to have said fire system in condi-

tion to be used, and watchmen who knew how to use same. If this suit had been by the refinery company against appellant to recover for the destruction of its office building, could there be any doubt that appellant's negligence caused or contributed to cause such loss, and, if this be true, then can there be any doubt that his negligence caused or contributed to cause the loss of his own property situated in said office building?

[1, 2] The jury found that appellant was guilty of contributory negligence in failing to keep the fire-extinguishing equipment of said refining company in proper condition for prompt use in the extinguishment of fires, and that such negligence caused or contributed to cause the loss of his property. These findings, we think, are amply supported by the evidence. The universal rule seems to be that if negligence on the part of the person injured contributed to the injury, he is not entitled to recover therefor. This is the settled law in practically all the states, and is the law in Texas. (Walker v. Herron, 22 Tex. 55; Galveston, etc., Ry. Co. v. Holyfield [Tex. Civ. App.] 70 S. W. 221; H. & T. C. Ry. Co. v. Smith, 52 Tex. 183, 184; Feille v. San Antonio Traction Co., 48 Tex. Civ. App. 541, 107 S. W. 367; 29 Cyc. p. 507, and cases cited; Martin et al. v. T. & P. Ry. Co., 87 Tex. 117, 26 S. W. 1052), and this rule applies as well where the injury is to plaintiff's property as where it is to his person (Louisville Ry. Co. v. Boland, 53 Ind. 398; Williams v. Michigan Cent. R. Co., 2 Mich. 259, 55 Am. Dec. 59).

[3] It is also true that contributory negligence will defeat recovery even though the negligent act of defendant consisted in the violation of a statute or ordinance, and though such violation is held to be negligence per se. Burnett et ux. v. Fort Worth Light & Power Co. et al., 102 Tex. 31, 112 S. W. 1040, 19 L. R. A. (N. S.) 504; 29 Cyc. p. 508.

[4, 5] While the facts of this case are peculiar, still, we think the general rules of negligence, contributory negligence, and proximate cause apply, and it is not necessary that plaintiff's contributory negligence be an active, co-operative link in the chain of events producing the injury. Plaintiff's negligence may be wholly disconnected with that of the defendant and may be of a negative character, such as lack of vigilance. Sanders v. Aiken Mfg. Co., 71 S. C. 58, 50 S. E. 679; Easler v. Southern R. Co., 59 S. C. 311, 37 S. E. 938. The mutual contributory or co-operative negligence exists when the injury would not have happened but for the negligence or wrong of both parties. The question is not whether the fault of plaintiff caused the injury, but whether it contributed to it. H. & T. C. Ry. Co. v. Smith, supra.

[6] As stated above, the jury found, in substance, that appellant was guilty of contrib-utory negligence in failing to have the refining company's fire extinguishing equipment in proper condition for use, and that such negligence caused or contributed to cause the loss of appellant's property by fire. The findings of fact, being supported by the evidence, are binding upon this court. We think, also, appellant having caused the refining company to go to the expense of equipping a fire extinguishing system at its plant in order to protect same from fire, he ought reasonably to have anticipated its loss by fire, in the event he permitted it to be in such condition that it could not be used, or failed to have watchmen who knew how to operate it.

We have considered all of appellant's assignments, and, finding no reversible error, overrule same. The judgment of the trial court is affirmed.