## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. HOMAN.

### No. 1310.

Court of Civil Appeals of Texas. Waco.
Jan. 12, 1933.

R. B. Cross, of Gatesville, and Ramey, Calhoun, Marsh & Higgins, of Tyler, for appellant.

T. R. Mears, of Gatesville, for appellee.

ALEXANDER, J.

The plaintiff's automobile which was being driven by plaintiff's son was damaged in a collision with one of defendant's trains at a railway crossing. The plaintiff sued the railway company to recover for damages to the automobile. The verdict of the jury on special issues was favorable to the plaintiff, and judgment was entered accordingly. The defendant appealed.

The pleadings and evidence raised issues of negligence on the part of the defendant's employees who were operating the train and issues of contributory negligence on the part of plaintiff's son who was driving the automobile. At the conclusion of the evidence, the defendant requested the court to submit to the jury the issues of contributory negligence. The court did submit these issues, but in connection therewith instructed the jury, in effect, that, in the event the jury found that the defendant's servants were negligent, and that such negligence was the proximate cause of the collision, the jury should not answer the issues as to contributory negligence. The defendant objected to this manner of submitting the issues "because as worded the issue of contributory negligence is not submitted to the jury at all if they (the jury) find defendant was negligent and such was the proximate cause." The jury found that the defendant's servants were negligent, and that such negligence proximately caused the collision, but, as instructed by the court, did not answer the issues as to contributory negligence. The defendant assigns this as error.

■ The trial court apparently proceeded on the theory that, if the negligence of the defendant's servants was the proximate cause of the collision, no further finding was necessary, and that the plaintiff was entitled to judgment. This theory is not correct. It is well settled that contributory negligence is a complete defense to an action to recover for injuries negligently inflicted, and, even though a defendant be guilty of an act of negligence which is a proximate cause of the injury, yet if the plaintiff is himself guilty of an act of negligence which proximately contributes to his injury, he cannot recover. 45

C. J. 940; Feille v. San Antonio Traction Co., 48 Tex. Civ. App. 541, 107 S. W. 367; Alexander v. M., K. & T. Ry. Co. (Tex. Civ. App.) 287 S. W. 153, par. 2; St. Louis, B. & M. Ry. Co. v. Moss (Tex. Civ. App.) 203 S. W. 777, par. 3. The mere fact that the jury found that defendant's servants were negligent and that such negligence was the proximate cause of the collision did not necessarily constitute a finding that the plaintiff's son, who was driving the automobile, was not guilty of contributory negligence which proximately contributed to bring about the collision; and the defendant therefore was entitled to have the jury answer the issues with reference to the contributory negligence of plaintiff's son, even though the jury found that the negligence of defendant's servants was the proximate cause of the collision. I. & G. N. R. Co. v. Neff, 87 Tex. 303, 28 S. W. 283; I. & G. N. R. Co. v. Edwards, 100 Tex. 22, 93 S. W. 106; Texas Traction Co. v. Wiley (Tex. Civ. App.) 164 S. W. 1028, par. 8; Austin Street Railway Co. v. Heflin (Tex. Civ. App.) 158 S. W. 1040; Chicago, R. I. & G. Ry. Co. v. Pipes (Tex. Civ. App.) 33 S.W.(2d) 818.

■■ By issue No. 10 the court asked the jury what sum of money would compensate plaintiff for the loss he sustained by reason of the damage to his car. This issue was not followed by any appropriate instruction as to the measure of damages to be applied. Ordinarily, in a case of this kind, the measure of damage is the difference, if any, between the reasonable market value of the automobile immediately prior to the collision and its reasonable market value, if any, immediately after the collision, or the value of the amount salvaged therefrom. Chicago, R. I. & G. Ry. Co. v. Zumwalt (Tex. Com. App.) 239 S. W. 912, par. 1. The court, in submitting the damages to the jury, should instruct the jury as to the measure of damages to be applied. In view of another trial, we suggest that the court either submit two issues, one inquiring as to the market value of the automobile immediately before the collision and its market value, if any, immediately after the collision, and from the answers of the jury to these issues determine the amount, if any, to be awarded to plaintiff, or that the court by some other appropriate instructions advise the jury as to the measure of damages to be applied.

The judgment of the trial court is reversed, and the cause remanded.