Fannie Munroe, Administratrix, v. Green Munroe.

Decided March 6, 1909.

**1.—Briefs—Grouping Assignments of Error .**

Assignments of error, complaining of the rulings on special exceptions to the petition and presenting various different and wholly disconnected questions, cannot be grouped and presented as one assignment.

**2.—Same—Exceptions to Pleadings.**

Under an assignment of error complaining of a ruling upon a special exception to the petition, the statement must point out the particular portion of the petition excepted to, and set out or give the substance of the exception.

**3.—Limitation—Note—Vendors' Lien—Petition—Subrogation—Payment of Purchase Money.**

Where the plaintiff in his petition sought to recover on a note and to foreclose a vendor's lien therein expressly given, but alleged that the consideration of the note was the payment by him of the purchase money for the land sold by a third party to the maker, and that by such payment he was subrogated to the vendor's lien held by such party, and it appeared that the note was not barred by limitation, an exception to the petition on the ground that subrogation arises from implied contract and therefore is barred in two years, and that the petition showed that the action was barred, was properly overruled. The petition did not seek to foreclose the lien arising by subrogation, but the express lien given in the instrument.

**4.—Homestead—Lien—Surviving Wife—Notice.**

The proposition that the homestead claim of the surviving wife in the property of the deceased husband is superior to any lien of which the wife had no notice at the time of the husband's death, is not sound. If the lien asserted be a valid one, it is immaterial, as against the homestead claim of the surviving wife, that she had no notice of its existence prior to the death of the husband.

**5.—Same—Lien—Subrogation.**

Where the plaintiff sought to foreclose an express lien given in the note sued on, and did not seek to foreclose the lien he alleged he acquired by subrogation, in the absence of a showing that the property was the homestead of husband and wife at the time the express lien was given, and as against the homestead claim of the surviving wife, the issue of subrogation was not material.

**6.—Vendor's Lien—Subrogation.**

It seems that evidence showing that the plaintiff paid a vendor's lien note due by the vendee, and that the vendee subsequently acknowledged that such payment was made for him and that plaintiff was entitled to a lien upon the land to secure him in the repayment of said sum, was sufficient to sustain a finding that the payment by plaintiff was at the request of said vendee and with the understanding and agreement that he should thereby become subrogated to the lien held by the vendor.

**7.—Brief—Assignments of Error.**

    An assignment of error complaining that "the court erred as shown by bills of exception one to six inclusive," does not point out the error so as to require consideration.

Appeal from the District Court of Grimes County. Tried below before Hon. Gordon Boone.

*Haynes Shannon,* for appellant.—Subrogation arises from implied contract and therefore is barred in two years; and when such fact appears from plaintiff's petition the defect is properly reached by special exception. Faires v. Cockerell, 88 Texas, 434.

The homestead claim of the surviving wife is superior to an unrecorded or implied lien of which she has no notice at the time of her husband's death; and when a man dies leaving no property except the homestead, and without issue, such homestead descends to the wife free of every incumbrance, save and except taxes and liens for purchase money of which she had notice at the time of her husband's death. Constitution of Texas, art. 16, sec. 50; Griffie v. Maxey, 58 Texas, 210; McLane v. Paschal, 47 Texas, 366; Rev. Stats., art. 2046; Reeves v. Petty, 44 Texas, 249; Gaylord v. Loughridge, 50 Texas, 576.

To entitle anyone to subrogation to the rights of the original vendor, the original claim must be paid by such party at the request of the original vendee; and where the claim is paid voluntarily without solicitation the right of subrogation does not exist. That is to say, where a party becomes liable for the payment of a claim, and such liability was contracted at the request and for the benefit of the original vendor and not the original vendee, he can not by paying the claim for which he has voluntarily become liable become subrogated to all of the rights of the original vendor. Oury v. Saunders, 77 Texas, 280; Ruhl v. Kauffman, 65 Texas, 723.

*W. W. Meachum,* for appellee.

PLEASANTS, CHIEF JUSTICE.—This suit was brought by the appellee against the appellant, Fannie Munroe, in her individual capacity and as administratrix of the estate of Alonzo Munroe, deceased, and against other defendants who were heirs at law of said Alonzo Munroe, to recover the amount due upon a note for $200 executed by said Alonzo Munroe in favor of appellee on November 1, 1906; and to foreclose an alleged vendor's lien upon a tract of thirty acres of land on the Jesse Grimes survey, in Grimes County, to secure the payment of said note.

The petition alleges in substance that on the 1st day of February, 1900, John T. McGinty sold and conveyed the thirty acres of land before mentioned, and which is fully described in the petition, to Alonzo Munroe for a consideration of $200 cash and a note for $100, payable ten months after date with interest at ten percent per annum, for the payment of which a vendor's lien was especially reserved in

the deed conveying said land; that the said Green Munroe, appellee, paid the said $200 cash payment mentioned in said deed, and signed said note for $100 with said Alonzo Munroe, and subsequently paid the full amount due upon said note and thereby became subrogated to the vendor's lien held by McGinty; that thereafter, on the 1st day of November, 1905, the said Alonzo Munroe being indebted to the appellee in the sum of $200, balance due him of the monies paid by him in the purchase of said land as aforesaid, executed and delivered to him the following note:

"State of Texas,
  County of Grimes.
                    "November the 1st., 1905.
  "On or befour 'the first day of October, 1906, I promis to pay to Green Munroe the sum of $200 two hundred dollars for value Received with tin Per Cent intrust from date to date this the Being Nov. the 1st. 1905.
  "This note is allso for $200, two hundred dollars Payed by Green Munroe on a certain Tract or parcil of land sichuated and Being in Grimes County, Tex. Said land containing 30 acres in the Jesse Grimes headright and deeded to Alonzo Munroe by J. T. McGinty.
  "I all so convey this Note to Green Munroe as a vendorse lean Note on said described land.                    A. L. Monroe."
  "J. T. McGinty.

It is further alleged that the note was duly authenticated and presented to the appellant administratrix for allowance as a claim against the estate of Alonzo Munroe, deceased, but that she refused to allow the same or any part thereof. The prayer is for judgment against the administratrix for amount due upon said note and for foreclosure against all of the defendants of the lien upon said thirty acres.

The defendant, Fannie Munroe, answered by general and special exceptions, and general denial, and by special plea in which it is alleged in substance that the thirty acres of land was the homestead of herself and her deceased husband, Alonzo Munroe, at the time the note sued on was executed, and that the attempt on the part of the plaintiff and said Alonzo Munroe to create a lien upon said land was without her consent and was a fraud upon her homestead rights; that the said Alonzo was not indebted to plaintiff in any amount at the time said note was executed, and that said instrument was executed by him for the purpose of defrauding her and defeating her homestead rights in said land, she and her said husband Alonzo not being upon friendly terms at the time said instrument was executed. She further specially pleaded that the instrument sued on is void because it was not originally written as one instrument, but was on two separate pieces of paper, and was mere memoranda not intended as a complete instrument, and "that said pretended instrument was patched and put together by plaintiff's attorney, and plaintiff's said attorney was the first person to arrange said instrument in such form that it has the appearance of a single and continuous instrument.

That said instrument at the time of its execution and for a long while thereafter was void for want of proper form and identification." This plea was verified by oath of said defendant.

Other defendants waived citation and filed answer admitting the truth of plaintiff's allegations, and joining in his prayer for recovery of the amount due on the note and for foreclosure of the lien. The cause was tried by the court without a jury and judgment rendered in favor of plaintiff in accordance with the prayer of his petition.

The appellant's assignments of error one to twelve, inclusive, omitting assignment number seven, are grouped and presented together. These assignments complain of the rulings of the court upon the general demurrer and special exceptions to plaintiff's petition presented by the appellant in the court below. The assignments complaining of the rulings on the special exceptions present various different and wholly disconnected questions, and it is clear that under the rules they can not be grouped and presented as one assignment. In addition to this, the statement following the assignments does not point out the particular portions of the petition excepted to and does not set out or give the substance of the defendant's exceptions to the petition. Under the rules governing the preparation of briefs and the manner of presenting questions for the decision of Appellate Courts, we are not required to consider any of these assignments. We have examined the petition to ascertain whether it alleges a cause of action, and it is sufficient in this respect and therefore was not subject to a general demurrer. If we should, notwithstanding the violation of the rules above mentioned, consider the single proposition advanced by appellant under the various assignments complaining of the rulings of the court upon the special exceptions, the assignment to which said proposition relates could not be sustained. The proposition is as follows:

"Proposition of law under the fifth assignment of error.—Subrogation arises from implied contract and therefore is barred in two years; and when such fact appears from plaintiff's petition the defect is properly reached by special exception."

The fifth assignment of error is as follows: "The court erred in overruling paragraph 'd' of defendant's special exception, which said exception was that plaintiff's petition showed on its face that if plaintiff ever had a lien against the property in question that said lien was barred by the statute of limitations of two and four years, which said period of limitation the defendant here specially invokes in bar of plaintiff's lien and claim."

Plaintiff's petition seeks to recover upon a written instrument and to foreclose the express lien given by said instrument. While the petition does allege that the consideration for the note was the payment by plaintiff of the purchase money for the land sold by McGinty to Alonzo Munroe, and that by such payment he was subrogated to the vendor's lien held by McGinty, he does not sue upon the implied promise arising from such payment by him, nor seek to foreclose the lien to which he alleges he was subrogated by such payment, but, as before stated, declares upon the note and the express lien therein

given, and this note, as set out in the petition, was not barred by limitation at the time the suit was filed.

The next assignment of error presented in the brief and its accompanying propositions and statements are as follows:

"The court erred in rendering judgment for the plaintiff because the same is contrary to the law and the evidence in this: That there is no allegation nor proof that Green Munroe was ever requested by Alonzo Munroe to pay off the original vendor's lien against the property in question, or that said original vendor's lien if paid by the said Green Munroe would be subrogated to the rights of the original vendor. That the evidence showed that the property in question was the homestead of the said Fannie Munroe at the time the instrument sued on was executed, and that said property belongs to the said Fannie Munroe as surviving wife of Alonzo Munroe. That the evidence showed that the instrument sued on was a fraudulent attempt on the part of plaintiff and the defendant's husband to deprive defendant of her homestead rights. That all of the evidence showed that the defendant's homestead rights had attached to the property in question without notice of any kind of plaintiff's pretended claim. That all of the evidence showed that the instrument sued on was without consideration and void. That all of the evidence showed that the property in question was defendant's homestead, and that her homestead rights are superior to plaintiff's claim. That all of the evidence shows that plaintiff's claim is fraudulent. The plaintiff failed to prove that the original vendor's lien was paid off and satisfied under circumstances which entitles him to subrogation. Because the plaintiff failed to prove his material allegations to the extent he would be entitled to recover."

"First proposition of law under the fifteenth assignment of error: The homestead claim of the surviving wife is superior to an unrecorded or implied lien of which she has no notice at the time of her husband's death; and when a man dies leaving no property except the homestead, and without issue, such homestead descends to the wife free of every incumbrance, save and except taxes and liens for purchase money of which she had notice at the time of her husband's death.

"Statement:—Fannie Munroe testified that her husband died in Waller County, Texas, during the year 1905, and that she was with him at the time of his death. That after her husband's death 'old man Munroe showed me that note. When he showed it to me I told him I did not know anything about it; that I never saw it before in my life. This thirty acres of land is the only land I own. It is the only homestead I possess. It is the only land he had.' Plaintiff alleged in his petition, to which he subsequently testified, that the land was bought from J. T. McGinty in the year 1900 in the name of Alonzo Munroe, and he signed a note with Alonzo Munroe for the balance of the purchase money, which note was payable about January 1, 1901, and that he paid this note off when it fell due; that the note sued on was executed on November 1, 1905, to reimburse plaintiff for this money. Ed. Munroe testified for the plaintiff that Alonzo Munroe worked the thirty acres of land for several years,

but that his father paid the taxes. That Alonzo Munroe married in 1902. That a crib was built on the land and part of it was fenced."

"Second proposition of law under the fifteenth assignment of error: To entitle anyone to subrogation to the rights of the original vendor, the original claim must be paid by such party at the request of the original vendee; and where the claim is paid on land voluntarily without solicitation, the right of subrogation does not exist. That is to say, where a party becomes liable for the payment of a claim, and such liability was contracted at the request and for the benefit of the original vendor and not the original vendee, he can not, by paying the claim for which he has voluntarily become liable, become subrogated to all of the rights of the original vendor.

"Statement:—The only evidence that even suggests in the least that Alonzo Munroe ever requested Green Munroe to sign the original note was the evidence of J. T. Bowen, who testifies, 'All I know is that they instructed me to deed it to Alonzo, and Green would sign the note.' McGinty testified that, 'Deeded the land to Alonzo Munroe. That was the way they told me to write the deed. When the note was first written Green's name was in it.' There was no positive testimony on this point, but the natural inference from the entire testimony is that Green signed the note at the request of McGinty."

The proposition that the homestead claim of the wife in the property of the deceased husband is superior to any lien of which the wife had no notice at the time of her husband's death, can not be sustained. If the lien asserted by the plaintiff was a valid lien, it is immaterial that the defendant had no notice of its existence prior to the death of Alonzo Munroe.

The point presented by the second proposition above set out is equally immaterial. As before stated, the plaintiff sought no recovery by reason of his alleged subrogation to the lien held by the vendor McGinty, but sought to enforce the express lien given in the instrument sued on and therefore the issue of subrogation was not a material issue in the case unless the property was the homestead of appellant at the time the express lien was given. The statement under this proposition does not show that the land upon which the lien was given was the homestead of appellant at the time the lien was created, and therefore the issue of subrogation is not material. If, however, this question was material to a decision of the case, we would not be disposed to hold that the evidence showing appellee paid the vendor's lien note due by Alonzo Munroe and that the said Alonzo subsequently acknowledged that such payment was made for him and that appellee was entitled to a lien upon the land to secure him in the repayment of said sum, was not sufficient to sustain the finding that the payment by appellee was at the request of said Alonzo and with the understanding and agreement that he should thereby become subrogated to the lien held by the vendor.

The remaining assignment of error presented in appellant's brief is as follows: "Fourteenth assignment of error: The court erred as shown by defendant's bills of exception one to six, inclusive." This assignment does not point out the error complained of so as to require our consideration. We infer from the statement following

the assignment that the bills of exception mentioned were taken to various rulings of the court upon objections made by the defendant to evidence offered by plaintiff. If the rulings indicated by this statement were intended to be complained of by the assignment, and the assignment could be considered, it could not be sustained, because the propositions submitted thereunder are not germane to the assignment.

The brief of appellant presents no error which requires or authorizes a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*