BAKER v. McDONALD.

(Court of Civil Appeals of Texas. Amarillo. June 7, 1913. Rehearing Denied June 28, 1913.)

1. WILLS (§ 371*)—PROBATE—APPEAL—ASSIGNMENTS OF ERROR.

An assignment of error that the court erred in overruling the general and special exceptions of proponent to the contest, in holding that the contest set up a sufficient ground for refusing probate of the will, as complained of in the first ground of proponent's motion for new trial, is too general to entitle it to consideration.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 837; Dec. Dig. § 371.*]

2. WILLS (§ 52*)—PROBATE—CONTEST—PROOF OF MENTAL CAPACITY.

A general demurrer filed by contestant in proceedings for probate of a will has the effect of requiring proponent to prove the mental capacity of testator, even if, in the absence of a contest, such proof is not required by Rev. Civ. St. 1911, art. 3271, providing that, before admitting a will to probate, it must be proved to the satisfaction of the court that testator, at the time of executing it, was of sound mind.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 101–110; Dec. Dig. § 52.*]

3. APPEAL AND ERROR (§ 1052*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Error in admitting an opinion that testator was not of sound mind was harmless; the jury having specially found he was of sound mind, and the judgment sustaining the contest being on the finding that he was unduly influenced.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

4. WILLS (§ 324*)—PROBATE CONTEST—UNDUE INFLUENCE—EVIDENCE.

Evidence on a contest of a will *held* sufficient to warrant submission of the issue of undue influence.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 225, 767–770; Dec. Dig. § 324.*]

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Proceedings by E. C. Baker for probate of the will of D. McDonald, deceased, in which Mrs. Mattie McDonald appeared as contestant. From a judgment denying probate, proponent appeals. Affirmed.

H. C. Ferguson and Bean & Klett, all of Lubbock, for appellant. W. F. Schenck and W. H. Bledsoe, both of Lubbock, for appellee.

HALL, J. On a former appeal in this case the judgment refusing to probate the will was reversed. 150 S. W. 593. This suit originated in the probate court of Lubbock county, from which it was appealed to the district court of said county, and upon trial before a jury judgment was again rendered refusing to probate the will. Appellee, being the widow of the testator, contested the application to probate the will upon two grounds: (1) That testator was not of sound mind at the time the will was executed; and (2) that he was unduly influenced to make the will.

[1, 2] Exceptions were filed to the answer which were overruled, and this is made the basis of the first assignment of error. The assignment is: "The trial court erred in overruling the general and special exceptions of the proponent to the amended contest of the contestant, Mattie McDonald, in holding that said amended contest set up a sufficient ground for refusing the probate of the will of the said McDonald, as complained of in the first ground of proponent's motion for a new trial. This assignment is manifestly too general to entitle it to consideration. Jackson v. Cassidy, 68 Tex. 282, 4 S. W. 541; Cotton v. Coit, 30 S. W. 281; Delaney v. Campbell, 97 S. W. 519; Henry v. McNew, 29 Tex. Civ. App. 288, 69 S. W. 213; Munroe v. Munroe, 54 Tex. Civ. App. 320, 116 S. W. 878. The record discloses that three special exceptions were urged, and we will not con-

sider the assignments, except in so far as the sufficiency of the pleading as against the general demurrer may have been passed upon by the trial court. Revised Statutes 1911, art. 3271, provides that, before admitting the will to probate, *it must be proved to the satisfaction of the court* that the testator, at the time of executing the will, *was of sound mind.* In the case of Green v. Hewett, 54 Tex. Civ. App. 534, 118 S. W. 170, Fisher, Chief Justice, said: "Owing to the fact that an application to probate a will is a proceeding in rem, and as the provisions of the statute mentioned require certain facts to be established, they cannot be waived in the court below." In Warren v. Ellis, 137 S. W. 1182, it is said: "In our opinion, a jury having been impaneled to try the issues of fact, it was a question, not of law, but of fact, to be decided by the jury what weight and effect should be given to these alleged circumstances of suspicion unexplained, in determining the issues as to whether the testator was of sound mind, whether the will was his free and voluntary act or otherwise." There was a general demurrer filed by the contestant, which alone had the effect of requiring appellant to prove the mental capacity of the testator, and we think the statute required proof of this fact, even though there had been no contest filed. In so far as this assignment deserves consideration, it is overruled.

[3] The second assignment of error complains of the action of the court in permitting the witness Dr. Murphy to testify by deposition that it was the witness' opinion that testator "did not understand fully all that he was doing, and the effect that said instrument had or would have upon the disposition of all his property that he owned, and the effect that it would have upon the rights of his wife," Mattie McDonald, "at the time testator executed the will." Brown v. Mitchell, 88 Tex. 366, 31 S. W. 621, 36 L. R. A. 64, Williams v. Livingston, 52 Tex. Civ. App. 275, 113 S. W. 786, and Brown v. Mitchell, 75 Tex. 9, 12 S. W. 606, are cited as authority by appellant in support of this assignment, and would require us to again reverse the judgment, but for the fact that the case was submitted to the jury upon two special issues, as follows: (1) "Was D. McDonald of sound mind at the time he signed the will in question?" This was answered by the jury: "No." (2) "Was D. McDonald acting under undue influence at the time he signed the will in question?" This was answered by the jury affirmatively. The judgment, being supported by the finding of the jury upon the second special issue, renders the error in the ruling of the court, admitting this testimony, harmless.

[4] The third assignment of error is based upon the action of the court in refusing to direct the jury to find a verdict in favor of proponent, establishing the will of D. McDon-ald. Dr. Stoops, witness for appellant, testified that he would not undertake to say that a man was mentally capable of transacting business who was suffering for a year or more with a cancer of the stomach, who came to his sanitarium in a depleted condition as McDonald was, suffering intensely, who was not capable of retaining any nourishment, exhibited subnormal temperature on account of the poisoned condition of his system, and the witness declined to testify that testator was mentally capable of understanding and transacting business affairs. He further testified that he told appellant's nephew and Malcolm McDonald, the brother of testator, that D. McDonald would never get well, and they understood that he might die at any time. The testimony of Dr. Murphy shows that he, together with Dr. Stoops, asked testator if he had any papers he wished them to sign. He nodded assent; that one of them picked up a document with a blue cover, shown to be the will, and, after propping him up in bed, procured a pen and ink, showed him the place to sign, and afterwards put the will out of sight in the dresser drawer. It is further shown that, after the arrival of Malcolm McDonald at the home of testator, he carried him to the hospital, and told appellee, who remained at home to look after the household affairs and farm, that he would let her know daily how her husband was getting along; that he utterly failed to do this; that he failed to communicate to her the information received from the physicians that her husband could never recover and was then practically a dead man, but immediately wired appellant, who was in California, to come to Lubbock at once; that neither of them ever told appellee anything of the existence of the will or its contents prior to the death of testator, although they both knew that appellee had been deprived of her legal rights by its terms, and that the brothers, sisters, and other relatives of testator had been well and amply provided for therein, and that appellant, Baker, had been made full custodian of the property, entitled to collect the revenues, and handle the same. It further appears that the brother Malcolm McDonald is the first person who ever approached an attorney with reference to testator making a will; that he was extremely active in carrying an attorney to the sanitarium, and in having the will prepared. It further appears that, about the time the will was being prepared, the quarter section of land which testator and his wife owned was conveyed by deed to appellant Baker, and that these facts were concealed from appellee. In our opinion, this testimony, with other facts which might be culled from the record, are not only sufficient to warrant the court in submitting the issue to the jury, but required it to be done.

Finding no error requiring **a reversal of** the judgment, it is affirmed.