CARTER v. SOUTH TEXAS LUMBER
YARD.

(Court of Civil Appeals of Texas. San Antonio.
Nov. 5, 1913. Rehearing Denied
Nov. 26, 1913.)

1. APPEAL AND ERROR (§ 725*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment, complaining that the court overruled the general demurrer and special exceptions contained in plaintiff's supplemental petition, is too general and will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3002–3005; Dec. Dig. § 725.*]

2. TRIAL (§ 139*)—TAKING CASE FROM JURY.

Where there was evidence sufficient to support a verdict for defendant, the court did not err in refusing a peremptory instruction for plaintiff.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. § 139.*]

3. MASTER AND SERVANT (§ 286*)—ACTION FOR INJURIES — QUESTION FOR JURY — NEGLIGENCE.

In a servant's action for injuries to his foot from the wheels of a wagon driven by another

servant, held, that the question whether the driver's use of the words, "Get up here if you are going with me," was negligent, was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

4. MASTER AND SERVANT (§ 286*)—ACTION FOR INJURIES—QUESTION FOR JURY—UNAVOIDABLE ACCIDENT.

On evidence in an action by a servant for injuries to his foot from the wheels of a wagon driven by another servant, held, that the issue of unavoidable accident was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

5. APPEAL AND ERROR (§ 882*)—ESTOPPEL TO ALLEGE ERROR—INSTRUCTIONS.

Where the issue of unavoidable accident in a servant's action for injuries was for the jury, and plaintiff offered a special charge defining such an accident, but did not offer it after the refusal of or subject to the refusal of a peremptory charge not to consider the issue, he was estopped from claiming that the issue should not have been submitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

6. TRIAL (§ 260*)—PERSONAL INJURIES — INSTRUCTIONS—FELLOW SERVANT.

In a servant's action for injuries from a wagon driven by another servant, where the court sustained an exception to defendant's plea that they were fellow servants, and expressly instructed that defendant was chargeable with the driver's negligence, if any, it was not necessary to instruct that they were not fellow servants.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

7. TRIAL (§ 260*)—REQUESTED INSTRUCTIONS—GIVEN INSTRUCTIONS.

The refusal of a special charge as to the measure of damages was not error, where that issue was fully covered by the general charge.

[Ed. Note.—For other cases, see Trial, Cent Dig. §§ 651–659; Dec. Dig. § 260.*]

8. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—REFUSAL OF INSTRUCTIONS.

In a servant's action for injuries, where the verdict was for the defendant, plaintiff could not have been injured by failure to give additional instructions relating merely to the measure of damages.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

9. TRIAL (§ 194*)—INSTRUCTIONS—PROVINCE OF JURY—WEIGHT OF EVIDENCE.

A requested charge that the existence of certain facts constituted negligence was objectionable as a charge on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

10. TRIAL (§ 253*)—PERSONAL INJURIES—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.

A requested charge, in a servant's action for injuries, permitting a recovery regardless of whether contributory negligence was shown, was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

11. APPEAL AND ERROR (§ 739*)—ASSIGNMENT OF ERROR—SEVERAL CHARGES.

An assignment of error, complaining of the refusal of two special charges relating to different issues, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3034–3036; Dec. Dig. § 739.*]

Error to Harris County Court; Clark C. Wren, Judge.

Action by G. L. Carter against the South Texas Lumber Yard. Judgment for defendant, and plaintiff brings error. Affirmed.

Dowell & Dowell, of Houston, for plaintiff in error. Daniel E. Garrett and W. O. Huggins, both of Houston, for defendant in error.

MOURSUND, J. Appellant sued appellee, a corporation, alleging that he was in the employ of appellee on August 14, 1911, as a laborer, and, while in the discharge of his duty as such, was, on said date, injured by reason of the carelessness and negligence of appellee's agents and representatives, and without any fault or carelessness on his part contributing to said injury; that plaintiff was engaged in loading and unloading a wagon to which were hitched horses or mules in charge of a driver for appellee; that another wagon was fastened to the first one, of which fact plaintiff had no knowledge, and said driver without any warning or notice to plaintiff moved the first wagon, drawing the second with it so suddenly that plaintiff could not get out of the way, causing the wheels of the second wagon to pass over plaintiff's right foot, inflicting injuries, which are fully described in the petition. Defendant's answer upon the merits was in substance as follows: A general denial, a plea that plaintiff was guilty of contributory negligence in allowing himself to get in the way of the wagon, knowing that it was about to move, in not getting out of the way after the wagons started, and in not apprising the driver of his danger; a plea that the driver and plaintiff were fellow servants; also, a plea that the injury was one which, in the nature of things, could not have been anticipated and was an unavoidable accident; and, finally, that plaintiff assumed the risk. Plaintiff filed a supplemental petition containing a general demurrer, and the following special exceptions: "(1) The said answer setting up the negligence of a fellow servant is prohibited by statute as a defense. (2) Paragraph 6 should be stricken out, as the same fails to state that said defendant was not operating the said wagon of John Jackson. (3) The said answer setting up an unavoidable accident should be stricken out, as the same sets up no defense as such and in no way pleads by any facts such. (4) Said answer is vague, indefinite, and uncertain and in no way presents a defense to plaintiff's cause of action." The special exception to defendant's plea of fellow servant was sustained, and the others were overruled. The trial resulted in a verdict and judgment for defendant, from which plaintiff appealed.

[1] By the first assignment of error complaint is made because the court overruled the general demurrer and special exceptions contained in plaintiff's supplemental petition. This assignment is too general and will not be considered. Henry v. McNew, 29 Tex. Civ. App. 288, 69 S. W. 213; Jackson v. Cassidy, 68 Tex. 282, 4 S. W. 541; Cook v. Arnold, 36 S. W. 343; Munroe v. Munroe, 54 Tex. Civ. App. 320, 116 S. W. 878; Paschal v. Owens, 77 Tex. 583, 14 S. W. 203.

[2] The second assignment complains of the refusal to give plaintiff's special charge No. 1, which was merely a peremptory instruction to find for plaintiff on the facts. The court did not err in refusing to give a peremptory instruction in favor of plaintiff, as the evidence was amply sufficient to support a verdict for defendant.

[3-5] By assignment No. 3 complaint is made because the court refused to give special charge No. 2 requested by plaintiff, to the effect that the issue of unavoidable accident was not in the case as there was no evidence to support such issue. The act of negligence alleged by plaintiff was "that the said driver, without any warning or notice to plaintiff of such, moved up said first wagon drawing the second with it, causing the wheels or wheel of said second wagon to pass with great force over the right foot of plaintiff." If plaintiff's testimony was true, the driver got up on his seat and drove off, without saying anything. Jackson, the driver, testified: "When I got ready to go, Carter was standing there on the ground, and I said to him, 'Get up here if you are going with me.' About the time I spoke to Carter the mules moved off and I went on after my load. I think the mules thought I was speaking to them when I told Carter to get up here if he was going with me." If this testimony was true, the injury did not occur as alleged, namely, by the driver moving up the wagon, but occurred by reason of the mules starting off unexpectedly, and the issue whether such starting could have been prevented is not presented by the petition, nor are the acts of negligence causing such starting alleged; but it is contended that the evidence shows that it was negligence for the driver to say, "Get up here if you want to go with me." We are of the opinion that whether the use of such statement constituted negligence was a question for the jury to determine under all the evidence, and that it cannot be said as a matter of law that such statement constituted negligence. Taking Jackson's testimony, the injury to plaintiff could not have been avoided, because the mules started of their own

volition, and it was for the jury to decide—if they believed Jackson—whether he was negligent in bringing about the circumstance of the mules starting of their own volition. The issue of unavoidable accident was for the jury, and in view of the plaintiff's offering a special charge defining such an accident, which closely resembles the definition given by the court, and of the further fact that the record fails to show that the same was offered after the refusal of or subject to the refusal of a peremptory charge not to consider the issue, it appears ·the plaintiff is estopped from claiming that the issue should not have been submitted. Alamo Dressed Beef Co. v. Yeargan, 123 S. W. 723; Alamo Oil & Refining Co. v. Curvier, 136 S. W. 1132. The assignment is overruled.

[6] The fourth assignment is overruled. The court sustained an exception to defendant's plea that Jackson and plaintiff were fellow servants, and expressly instructed the jury that defendant was chargeable with the negligence, if any existed, of Jackson. It was therefore unnecessary to instruct the jury that Jackson and plaintiff were not fellow servants.

[7, 8] By the fifth assignment complaint is made because the court refused to give special charge No. 4, which related to the measure of damages and was fully covered by the general charge. Besides the verdict being for defendant, plaintiff could not have been injured by failure to give additional instructions relating merely to the measure of damages. The assignment is overruled.

[9, 10] By the sixth assignment it is contended the court should have given special charge No. 5. This charge was on the weight of the evidence in instructing the jury that the existence of certain facts constituted negligence, and besides the charge ignores the issue of contributory negligence. The assignment is overruled. Feille v. Traction Co., 48 Tex. Civ. App. 541, 107 S. W. 367; Railroad v. Eckford, 71 Tex. 274, 8 S. W. 679; Railway v. Terhune, 81 S. W. 74.

Assignment No. 7 is overruled. In view of the general. charge it was unnecessary to give the special charge; besides it permitted a recovery regardless of whether contributory negligence was shown to have existed.

[11] The eighth assignment will not be considered, because it complains of the refusal of two special charges, relating to different issues. Union Central Ins. Co. v. Chowning, 86 Tex. 660, 26 S. W. 982, 24 L. R. A. 504; Scott v. Farmers' Bank, 66 S. W. 485; Cammack v. Rogers, 96 Tex. 457, 73 S. W. 795; O'Farrell v. O'Farrell, 56 Tex. Civ. App. 51, 119 S. W. 899; Masterson v. Heitmann, 38 Tex. Civ. App. 476, 87 S. W. 227.

The ninth assignment complains of the verdict and judgment as unsupported by the evidence. We consider the evidence ample to. justify a finding that defendant was not negligent, and also a finding that plaintiff was guilty of. contributory negligence. The assignment is overruled.

Judgment affirmed.