BAKER et al. v. BLEDSOE et al.   (No. 916.)

(Court of Civil Appeals of Texas.   Amarillo.
Feb. 9, 1916.)

GIFTS ☞49—INTER VIVOS—EVIDENCE.

In an action on vendor's lien notes, evidence *held* to sustain the finding that the notes had not been given to the maker by the payee thereof since deceased.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 95–100; Dec. Dig. ☞49.]

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Action by W. H. Bledsoe and others against E. C. Baker and others. From judgment for plaintiffs, defendants appeal. Affirmed.

Ferguson & Puckett, of Lubbock, for appellants. W. F. Schenck, W. H. Bledsoe, R. A. Sowder, and Benson & Spencer, all of Lubbock, for appellees.

HENDRICKS, J.  The appellees sued the appellants, alleging the execution of three vendor's lien promissory notes, averring ownership of said notes, by virtue of certain probate proceedings over the estate of one D. McDonald, deceased, transferred by the administrator of said estate, under an order of the probate court, in consideration of a debt claimed against the estate. The appellants who executed the notes to D. McDonald, the payee, since deceased, alleged that McDonald in his lifetime made a gift to them of said notes, and that the same, by virtue of said gift, were canceled.

An agreement in the case recognized ownership of the notes in plaintiff, with a subsisting lien on the property described by them, and that plaintiffs are entitled to judgment for the debt, together with a foreclosure of the lien, "provided that said notes were not canceled and satisfied by the purported gift of the notes by D. McDonald to the defendant E. C. Baker." McDonald died December 8, 1909, and defendant E. C. Baker filed the purported will for probate, executed by D. McDonald, naming the said Baker as executor. The county court and the district court of Lubbock county denied the probate of said will, and, upon appeal to this court, the judgment of the district court was affirmed. Baker v. McDonald, 159 S. W. 450.

On the trial of this particular cause E. C. Baker and his brother-in-law Schmidt testified in substance: That on Saturday following the execution of the notes, D. McDonald, who was in a hospital at that time, in his last illness, arranged to leave said hospital and to return to his home, but was unable to do so. That on the following Monday he gave the notes to defendant Baker, saying: "Baker, you take these notes and keep them until I call for them." That Baker asked him: "In case anything happens to you, what shall I do with them? Shall I give them to Aunt Mattie?" (meaning the wife of D. McDonald). That McDonald replied: "If anything happens to me do not give them to her or any one else. Keep them for yourself."

The case involving the probate of the will of D. McDonald was twice tried in the probate and district courts, and twice appealed to the appellate court. One of the attorneys who represented Mrs. McDonald, the wife of deceased, in contesting the will, testified that he was intimately connected with the case at all times and was present and assisted in every trial of said cause; that he never at any time heard that E. C. Baker, who was named as executor in said will, or Leah Maud Baker, claimed that the note sued on in this cause had ever been given Baker by McDonald, and that Baker never at any time, within the knowledge of the attorney, made any such claim until after the filing of this suit; that he was present at the trial of the cause in the district court when the depositions of E. C. Baker were used in said cause, in which Baker admitted that he still owed the $2,590 to D. McDonald's estate for said land. The following is the interrogatory propounded to Baker in the former cause and his answer thereto:

"Cross-Interrogatory No. 3: What property do you now own? Where is it situated? Do you own it individually, or in connection with some other property, and what is its value, and what do you owe on it? Give your answer in detail to this, and be certain to give all that you own. A. I own one hundred and sixty (160) acres of land in Lubbock county. It is worth about three thousand ($3,000) dollars. I owe two thousand five hundred and ninety ($2,590.00) dollars on it. The deed was made December 3, 1909, the price was sixteen and $50/100$ ($16.50) dollars per acre. I paid fifty ($50.00) dollars cash, and executed three (3) notes, aggregating the sum of two thousand five hundred and ninety ($2,590.00) dollars. The notes were made payable to D. McDonald, or order, and the notes were signed by E. C. Baker and Leah Maud Baker."

The trial court found that the notes were never given to Baker, and the only assignment in this cause is the sufficiency of the testimony to sustain the finding, and the judgment based thereon.

The judgment of the trial court is affirmed.