CONSOLIDATED PETROLEUM CO. v. AUS-
TIN et al. (No. 90.)

(Court of Civil Appeals of Texas. Eastland.
Jan. 29, 1926.)

1. Appeal and error ⬧737—Assignment of er-
ror to court's action in overruling demurrer
and special exceptions to petition held mul-
tifarious.

Assignment of error to court's action in
overruling general demurrer and several special
exceptions to petition cannot be considered,
since it is multifarious.

2. Partition ⬧53 — Petition of tenants in
common of oil and gas lease for sale in lieu
of partition, alleging defendant's removal of
oil from state and refusal to pay its share of
expenses and taxes, held sufficient to warrant
receivership under statute (Rev. St. 1911,
art. 2128, subd. 1).

Petition of tenants in common of oil and gas
lease for sale of property as incapable of par-
tition, alleging that defendant, a foreign cor-
poration, was removing oil from state and re-
fusing to pay its share of taxes or operating
expenses, *held* sufficient to justify appointment
of receiver, under Rev. St. 1911, art. 2128,
subd. 1, though it would be insufficient in equita-
ble proceeding.

3. Pleading ⬧34(3).

Every intendment in favor of petition will
be indulged in testing its sufficiency against
general demurrer.

4. Receivers ⬧1—Trial court's authority to
appoint receiver in suit between joint own-
ers of property should be exercised only in
cases brought squarely within statute.

Authority of trial court to appoint receiver
in suit betwen parties jointly owning property
should be exercised only in cases brought
squarely within statute.

Appeal from District Court, Eastland
County; Geo. L. Davenport, Judge.

Petition by Ivan Austin and others against
the Consolidated Petroleum Company and
others. From an interlocutory order appoint-
ing a receiver, the Consolidated Petroleum
Company appeals. Affirmed.

Conner & McRae, of Eastland, for appel-
lant.

Grisham Bros., of Eastland, for appellees.

PANNILL, C. J. This is an appeal from an
interlocutory order appointing a receiver.
The history of this litigation, briefly stated,
is: That the parties are tenants in common
as owners of the working interest in certain
oil and gas lease, and that in September,
1924, part of the appellees as plaintiffs
brought suit against appellant and the other
tenants in common for an accounting and for
the appointment of receiver, and a receiver
was appointed by the court without notice to
appellant. Thereafter appellant filed a mo-
tion to vacate said receivership as to it. This
motion was granted, and the order appointing
the receiver was vacated in so far as it af-
fected appellant, and appellant's interest in
the property was dismissed from the receiver-
ship. Thereafter the original plaintiffs filed
an amended petition in said cause wherein
plaintiffs, owners of about 30 per cent. of said
working interest, brought suit against appel-
lant and other joint tenants unnecessary to
name who owned about 70 per cent. of said
working interest for a sale of said working
interest, alleging that said working interest
was incapable of partition and for distribu-
tion of the proceeds; that appellant was a
foreign corporation and was receiving and re-
moving from the state its part of oil produced
from said mineral leasehold; that it was re-
fusing to pay its part of the operating ex-
pense of said lease and had refused to pay its
part of the taxes against said leasehold; that
the title, under which all the tenants in com-
mon held, provided that the expense of oper-
ating said lease should be borne by the own-
ers in proportion to their respective interest,
and reserved a lien on the mineral leasehold
for their proportion of such expenses; and
further that there were certain liens against
the property, among other things taxes for
the year 1922 and 1924 which constituted a
lien on the entire leasehold, and that appel-
lant refused to pay its part of the taxes. Ap-
pellant filed an answer to this application,
which application and answer was thereafter
heard, together with the testimony introduced
by the plaintiffs, and the receivership granted
as prayed for in said amended application.

[1] Appellant has submitted an assignment
of error to the action of the court in overrul-
ing a general demurrer and several special
exceptions to said petition. This assignment
cannot be considered. The same is multifa-
rious, in that it attacks several distinct and
separate rulings of the court in one assign-
ment. Owenwood Oil Corp. v. Sweet (Tex.
Civ. App.) 263 S. W. page 641. The only
question which can be considered on this ap-
peal is whether the petition was subject to
a general demurrer, and whether plaintiffs'
evidence was sufficient to authorize the entry
of the order appealed from.

[2] The application is not sufficient as an
equitable proceeding, as the petition is lack-
ing in many averments necessary in order to
authorize the appointment of a receiver under
the usages of the courts of equity. Appellees
insist that the petition and proof thereof is
sufficient as a statutory proceeding under R.
S. art. 2128. The question narrows itself to
the proposition as to whether appellees' case
is sufficient under subdivision 1 of said article
2128, authorizing the appointment of receiv-
er in a suit between parties jointly owning
property on the application of any party
jointly owning an interest in property, where

it is shown that the property is in danger of being lost, removed, or materially injured.

[3] Appellant contends that the appointment was not justified under said subdivision of the article referred to,. because there was neither allegation nor proof that the property was in danger of being lost, removed, or ma-terially injured. There is no direct allegation in the petition that the property is in danger of being lost or materially injured, but in testing the sufficiency of the petition as against the general demurrer, the rule is that every intendment in favor of the petition will be indulged. Considering the fact that the property is an oil and gas leasehold in which the parties owned only the working interest, and that there were on said lease several producing wells from which the oil was being taken and sold and appellant's part of the proceeds was being removed from the state, under the rule quoted the allegation of such facts would be' equivalent to an allegation of material injury. The further allegation that taxes had accrued upon the property, and that appellant was refusing to pay its .pro rata part of such taxes, would show an injury to appellees' part of said leasehold, as the tax lien covered all of the property and not a part. The same may be said with reference to the costs of operation. The only thing that tenants in common owned was the oil and the right to take that from under the ground. When the oil was exhausted, the value of the leasehold would cease. If appellant was permitted indefinitely to withdraw its part of the oil without paying its pro rata of the operation cost paying its part of the taxes, which from the record was assessed against the parties jointly, and against all their interest, there was a great probability that the value of the property would reach the point where all of appellees' part of the property could be taken by the state and the other creditors for the taxes due and the cost of operation due by appellant. The allegations in this respect were supported by the proof.

No case has been cited, and it would be 'perhaps difficult, if not impossible, to find one, presenting precisely the same statement of facts as here, and it is true that all of the cases cited by appellees present perhaps some stronger statement of facts than shown in this record. In the cases relied upon' by appellees, the adverse party was in possession of the property and appropriating all its rents and revenues and withholding same from the party seeking the receivership. The case nearest in point is that of Richardson v. McCloskey (Tex. Civ. App.) 228 S. W. page 323, and under the rule as laid down in that case, the conclusion has been reached that this court under the allegations and proof could not say that the trial court did not have the discretion to grant the receivership.

[4] It is not the purpose here to extend the rule as to the appointment of receiver. Such authority is committed to trial courts, but should be ,exercised with great caution and only in cases. brought squarely within the statute.

Nor does this court express any approval of the receivership as to the interest of parties who are not themselves in default in a contest between other parties. This observation is made with reference to placing under the receivership the interest of certain defendants who are not shown to have been in any manner in default, but they have made no complaint, and the correctness of the court's action as to their interest is not presented for review.

Believing that the allegations were sufficient to show an interest by the plaintiffs and that material injury would result and that the suit was. brought for the purpose of partitioning the property and that the receiver was only ancillary thereto, the judgment is affirmed.