## RABB v. HAMM et al.
### No. 1915.

Court of Civil Appeals of Texas.   Beaumont.
Feb. 6, 1930.

D. E. O'Fiel, of Beaumont, for appellant.
O. J. Todd, C. S. Pipkin, and Jno. D. McCall, all of Beaumont, for appellees.

O'QUINN, J.

Appellant, as plaintiff below, filed this suit in the county court at law of Jefferson county against appellees. There was much pleading in the case. The pleadings cover sixty-two pages of the transcript. Plaintiff filed his first, second, and third amended original petitions; likewise the defendants filed their first, second, and third amended original answers to plaintiff's petitions and also filed a cross-action against plaintiff. All these pleadings appear in the transcript. As the case was disposed of on the third amended original petition of plaintiff and the third amended original answer and cross-action of defendants, we shall notice them only.

In his third amended original petition, for cause of action, plaintiff alleged that, on July 1, 1925, he agreed to sell to defendants one certain drilling rig for the agreed price of $500, and that in pursuance to said agreement he delivered said rig to defendants, who accepted same but did not pay the consideration agreed upon; that some time about May 1, 1926, he made demand upon defendants for the payment of the consideration agreed upon by them for said rig, but that defendants failed and refused to pay same, or any part thereof; that, by reason of defendants' failure to pay for said rig, he had been deprived of the use of said rig for a period of ten months, during all of which time defendants had been in possession of and using same; that said rig had a rental value of $75 per month; that, by reason of their breach of their contract to purchase said rig, defendants had damaged plaintiff in the sum of $500, the value of said rig, or the value of the use of said rig, which was $75 per month, for which he prayed judgment.

In another count (paragraph 3), and as a further statement of his cause of action, plaintiff alleged that some time about August 1, 1925, defendants Hamm, Brechin, Pedigo, and Thomas composed a partnership, and that he delivered his drilling rig to them, agreeing that they might have the free use of same to drill their first oil well on a certain lease held by said partnership, and that at the completion of said well they were to deliver said rig back to appellant in good condition or else purchase same from plaintiff for a consideration of $500, which was to be paid one-third cash and the balance in monthly installments of $50 per month, with a chattel mortgage against said property to secure the deferred payments, same to be rep-

resented by notes to be signed by each of said partners; that, under said agreement, the defendants took possession of said rig and used same to drill a well on their said leased property to its completion, but that at the completion of said well defendants failed to live up to their agreement either to return said rig to plaintiff or to purchase same, and refused to deliver possession of said rig to plaintiff or to pay him for same, and continued to use same for their own purposes until about May 30, 1926, when plaintiff found same abandoned by defendants in a deteriorated condition, and, to prevent himself from further loss, he took charge of said rig; that defendants, nor either of them, had ever offered to pay plaintiff for said rig, as they agreed to do; that the monthly rental value of said rig during the time defendants so used same was $75 per month; that at the time plaintiff repossessed himself of said rig it was in a deteriorated condition and had a reasonable market value of only $250; and that, in order to replace same in as good condition as when it was delivered to defendants, plaintiff had to expend on same the sum of $250.

In further stating his cause of action (paragraph 4), plaintiff alleged that, at the time defendants received said rig from plaintiff, they "agreed to receive same in the condition it was then, and to effect whatever repairs were necessary thereon to place the same in a working condition as before; that the plaintiff, since he repossessed himself of said rig, because that he had not been paid for said rig, has housed and stored the same, or that portion thereof which was received by him at the time that he repossessed the said rig, and if the said defendants herein are desirous of completing and finishing their contract of purchase by making payment of the amount due as the purchase price thereof the plaintiff herewith tenders the same to them, in the same condition as when received, herewith praying the court that he be allowed and awarded a juditional judgment lien against the same for the unpaid purchase price."

Plaintiff's prayer was: "Wherefore, the plaintiff prays the court that on a trial hereof all parties being before the court, that he have a judgment against the said defendants, jointly and severally, for the value of the use of his said drilling rig during the time that the same was held and kept by the defendants and retained by them in their possession at Seventy Five & no/100 ($75.00) Dollars per month for a period of ten months, or in the alternative that he have a judgment over against the said defendants for the agreed purchase price of said rig and legal interest from the date the said purchase price became due with a juditional lien against the said property to secure the purchase price of same, as was agreed upon and as shall be adjudicated herein, the plaintiff herewith tendering to the said defendants the said drilling rig, or allowing a credit for its value when received back by plaintiff, and for such other and further relief in law or equity of a nature special or general to which plaintiff may show himself entitled, and of this he will in duty bound respectfully ever pray."

In answer to plaintiff's third amended original petition, defendants Hamm and Brechin filed their third amended original answer, consisting of a general demurrer, several special exceptions directed against the allegations of the several paragraphs of plaintiff's amended petition to the effect that said allegations were uncertain, contradictory, inconsistent, ambiguous, duplicitous, and attempted in the same count to set up different causes of action, rights, and remedies—action for debt on a contract of sale, and action for damages for rents on an implied contract for the detention and use of said property—and, a further special exception that plaintiff's third amended original petition set up a new cause of action from that asserted in plaintiff's prior pleading, in that defendants were now sued as partners and that said cause of action was barred by the two-year statute of limitation. They further answered by a general denial, a special plea of the two-year statute of limitation against the cause of action as asserted in plaintiff's third amended original petition, and pleas of set-off and counterclaim against plaintiff for money expended for repairs of said drilling rig in order to make same operative, and a cross-action setting up the same facts as the plea of counterclaim.

The defendants Thomas and Pedigo, in answer to plaintiff's third amended original petition, answered, in identical terms and pleas as defendants Hamm and Brechin, and their pleading was duly verified.

Plaintiff, in reply to defendants' answers, leveled certain exceptions thereto which we do not deem it necessary to set out, denied generally all of defendants' allegations of defense, repleaded his prior pleading, and pleaded the two-year statute of limitation against defendants' cross-action, and prayed for judgment as originally.

When the case came on for trial, the court sustained plaintiff's exceptions to the cause of action set up by defendants in their cross-action and also sustained all of the defendants' special exceptions to plaintiff's petition, and, plaintiff refusing to further plead in order to meet certain of the special exceptions urged by defendants and refusing to go to trial on his third amended original petition, as same existed after the special exceptions of defendants had been sustained, the court dismissed his suit without prejudice. Plaintiff filed his motion for a new trial, which

966

was overruled, and from that judgment he has appealed.

In his motion for a new trial, the only ground set up was: "Because the court erred in sustaining the exceptions and demurrers leveled by defendants at plaintiff's pleadings, and in dismissing plaintiff's cause." In his brief plaintiff presents only one assignment of error, and that is the one set up in his motion for a new trial quoted supra.

We think the assignment of error should not be considered because it is too indefinite—does not comply with Rules 25 and 26 for the Courts of Civil Appeals. Moreover, it relates to several separate matters, and is therefore multifarious. This assignment says that there was error "because the court erred in sustaining the exceptions and demurrers leveled by the defendants at plaintiff's pleadings, and in dismissing plaintiff's cause." There were ten special exceptions pleaded and urged by defendants, all of which were sustained by the court. They were separately pleaded and urged against different parts of plaintiff's petition. The action of the court in sustaining all ten of these exceptions, and also in dismissing plaintiff's suit when he refused to plead further or to go to trial after the exceptions were sustained are complained of in this one assignment. That it is multifarious cannot be doubted. Cannon v. Cannon, 66 Tex. 682, 3 S. W. 36; Consolidated Petroleum Co. v. Austin (Tex. Civ. App.) 283 S. W. 879; Thornton v. Athens National Bank (Tex. Civ. App.) 252 S. W. 278. However, we have inspected the pleadings of the parties, and believe the action of the court correct in sustaining the exceptions complained of. In any event, as the court did not sustain the general demurrer of defendants, but left plaintiff at his option to further amend his pleadings to meet the court's rulings in sustaining the special exceptions to his petition, or to go to trial upon his petition as it existed after the exceptions were sustained, and as he refused to further plead, and also refused to go to trial upon the allegations of his petition after the exceptions were sustained, the court was authorized to dismiss his suit. But appellant presents a proposition complaining that the court erred in sustaining defendants' general demurrer to his petition. This contention cannot be considered, for the reason that there is nothing in the record to show that the court passed upon the general demurrer or that he was called upon to do so. The judgment of the court expressly stated the exceptions sustained, and they were the special exceptions only. So it does not appear that the court took any action on the general demurrer.

The judgment should be affirmed, and it is so ordered.

Affirmed.