**McMULLEN v. PARKER et ux.**

**No. 8723.**

Court of Civil Appeals of Texas. San Antonio

Jan. 27, 1932.

Horace E. Wilson, of San Antonio, for appellant.

Stevenson, Baker & Knetsch, of Junction, and Goree, Odell & Allen, and L. L. Gambill, all of Fort Worth, for appellees.

SMITH, J.

This action was brought by appellees, Sam H. Parker and wife, against appellant, H. J. McMullen, to cancel a mineral deed alleged to have been obtained from appellees for appellant through fraudulent and false representations of the latter's agent, Max Blum. The issues of fraud were submitted to a jury, who found against appellant thereon, resulting in a judgment canceling the deed.

Appellant's first assignment of error complains of the overruling of his general demurrer to appellees' petition. It will be overruled, as that petition was clearly good as against the general demurrer.

Appellant's second assignment of error is that "the court erred in overruling defendants special exceptions numbered 1 to 10 inclusive as shown in the defendants First Amended Original Answer and pointed out as the second ground of defendants motion for a new trial." That assignment is itself submitted as the only proposition thereunder. It is plainly multifarious and too general to invoke consideration on appeal, since the various special exceptions referred to raise an equal number of different questions of law. These vices in the assignment are emphasized by the absence from appellant's brief of any specific propositions of law, or statement from the record or argument. .It cannot be considered for any purpose on appeal., Well Works v. Dr. Aguayo (Tex. Civ. App.) 53 S. W. 350; Lbr. Co. v. Chessher (Tex. Civ. App.) 146 S. W. 976; Thornton v. Bank (Tex. Civ. App.) 252 S. W. 278; Rabb v. Hamm (Tex. Civ. App.) 25 S.W.(2d) 964; Bradley v. Jones (Tex. Civ. App.) 38 S.W.(2d) 877.

For like reasons, appellant's eighth assignment of error, in which general complaint is made of the submission of seventeen several special issues to the jury, will be disregarded. Equipment Co. v. Luse (Tex. Civ. App.) 250 S. W. 1104.

█ In his ninth assignment appellant complains of the refusal of the court to submit appellant's "requested issues," of which there were several. For the reasons stated, that assignment must also be disregarded. Yecker v. Tr. Co., 33 Tex. Civ. App. 239, 76 S. W. 780; Carter v. Lbr. Yard (Tex. Civ. App.) 160 S. W. 626. For related reasons appellees' objections to consideration of appellant's sixteenth, seventeenth, and eighteenth assignments will be sustained.

In his third, fourth, and fifth assignments of error appellant complains of the refusal of the trial court to direct a verdict for appellant. Those assignments will be overruled. The evidence was such as to require the submission of the cause to the jury.

Appellant contends that Max Blum, who procured the deed in question for appellant, was not an authorized agent of appellant, but acted in the matter in his own behalf and upon his own responsibility, as an "independent broker." We overrule this contention and appellant's sixth and seventh assignments of error, through which it is presented here. The evidence clearly showed that Blum was the agent of appellant in that transaction, that appellant was bound by his acts and having accepted the benefits thereof, was estopped to deny such agency.

█ Appellant's tenth, eleventh, and twelfth assignments of error are directed at the action of the trial court in admitting the testimony of the witnesses Holekamp, Chase, and Brown, as to the market and intrinsic value of the estate sought to be conveyed in the deed in question. It is objected that the witnesses were not shown to be qualified to testify upon that issue. Those assignments are overruled. The witnesses testified to long experience in dealing in oil properties in the vicinity of appellees' lands, and that through this experience they were familiar with the prices, or, in other words, the value, of such properties. The objections urged by appellant against the testimony go to its weight rather than its admissibility.

█ In his thirteenth and fourteenth assignments of error appellant complains of the admission of certain deeds by which appellant reconveyed to others certain portions of the interest obtained by him from appellees. The objections urged in the assignments were not made by appellant at the time the evidence was admitted, but, regardless of that inconsistency, the evidence was properly admissible to show the intentional falsity of Blum's representation to appellee that appellant would at once procure development of the minerals underlying the land in question. It showed that appellant's purpose was to speculate upon, and not to develop, the property.

█ In his argument to the jury, one of appellees' counsel made the statement to that body that "if you want to find for the plaintiffs, answer all of the special issues 'yes.'" Appellant at once objected to this argument, and the court sustained the objection and orally at that time instructed the jury "that the same was improper and that they should not consider it for any purpose whatever"; then appellees' counsel "retracted" the statement and told the jury that they were to "answer the issues from the evidence in this case regardless of who is affected." The court then repeated his oral instruction in a written charge to the jury. We think these instructions of the court and statement of counsel had the effect of taking all the sting out of the objectionable argument, and rendered it harmless. We overrule appellant's fifteenth assignment.

The case appears to have been fairly tried, and the judgment is accordingly affirmed.